**FILED**

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON, # 19728-101
a/k/a GEORGE C. JACKSON,
Rivers Correctional Institution
    PLAINTIFF    PO B3 630
             Winton, NC 27986

        v.

FEDERAL BUREAU OF PRISONS,
320 First Street, NW
Washington, D.C. 20534,

UNITED STATES PAROLE COMMISSION,
5550 Friendship Boulvard
Chevy Chase, Maryland 20815,

        DEFENDANTS.

CASE NUMBER  1:07CV00203

JUDGE: Richard W. Roberts

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 01/30/2007

This is a Civil Action brought under the Privacy Act, Title
5 U.S.C.A. § 552a(e)(5), (g)(1)(C), and (g)(4), against the
Federal Bureau of Prisons and the United States Parole Commission
by failing to maintain accurate and correct records, and § 552a(d)
and (g)(1)(A) and failing to amend the inaccurate files.  Plaintiff
seeks "declaratory and injunctive" relief pursuant to 28 U.S.C.A,
§ 2201 & 2202.

    Plaintiff asserts that defendant, Federal Bureau of Prisons
has used and is using incorrect and inaccurate information which
is maintained in their files in the computation of plaintiff's
seven (7) year D.C. Code sentences that were imposed upon plaintiff
on April 14, 1989 in the Superior Court of the District of Columbia
in Criminal Case Nos. F6422-83 & F6612-88C.  (See Exhibit A)

**RECEIVED**

JAN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Initially, plaintiff was paroled by the D.C. Board of Parole on December 19, 1989 (See Exhibit A1) from a parole violator term to the sentences imposed upon plaintiff on April 14, 1989 in the Superior Court of the District of Columbia. Plaintiff began service of these sentences on December 19, 1989 and was paroled by the U.S. Parole Commission on August 26, 1994 after serving four (4) years and eight (8) months, with twenty-eight (28) months remaining before the full term expiration of the seven (7) year D.C. Code Sentence. On September 8, 1995, a parole violator warrant was issued against plaintiff for parole violation for being arrested for "Interstate Transportion of Securities Taken By Fraud." Plaintiff received a sentence of 57 months imprisonment in the U.S. District Court for the District of Columbia on May 1, 1996. Plaintiff was released from this sentence on October 6, 1999, to start his parole violator term.

Plaintiff asserts that the defendant, Federal Bureau of Prison has in its files that plaintiff owed five (5) years, five (5) months and three (3) days (See Exhibit B) after plaintiff was re-leased from prison on August 16, 2002 on the seven (7) year D.C. Code sentences that had been imposed in the Superior Court of the District of Columbia in Criminal Case Nos. F6422-83 & F6612-88C on April 14, 1989 and plaintiff had begun serving these sentences on December 19, 1989, and there only remained twenty-eight (28) months to expirate these sentences. Plaintiff asserts that this seven (7) year D.C. Code sentence has expired and because the defendant, Federal Bureau of Prisons has and is maintaining inaccu-rate files, it has adverserly affected plaintiff by plaintiff

-2-

being retaken into custody by the U.S. Parole Commission, having
parole violated and being detained on a sentence that has already
expired.

Plaintiff asserts that the U.S. Parole Commission used this
inaccurate, incorrect and erroneous information that is contained
in the Federal Bureau of Prisons files on plaintiff to issue a
parole violator warant; retaking plaintiff into custody, revoke
plaintiff's parole and continue plaintiff to expiration of the
five (5) years, five (5) months and three (3) days the Federal
Bureau of Prisons alleges that plaintiff owes on the seven (7)
year D.C. Code Sentence that was imposed in the Superior Court
of the District of Columbia on April 14, 1989, that plaintiff
had begun serving on December 19, 1989.  Furthermore, in the U.S.
Parole Commission's decision to revoke plaintiff's parole, they
used erroneous information in alleging that plaintiff had been
convicted of "Fraud, Making A False Statement, and that plaintiff
had twelve (12) prior criminal convictions.  None of this inform-
ation is accurate or correct that has been used by the Federal
Bureau of Prisons and the U.S. Parole Commission.

Plaintiff asserts that he has requested from both the Federal
Bureau of Prisons and the U.S. Parole Commission to correct this
inaccurate, incorrect and erroneous information which is contained
in plaintiff's prison file, and both have failed to do so.

The Privacy Act requires that each agency keeping a system
of records must maintain those records with "such accuracy, re-

-3-

levance, timeliness, and completeness as is reasonably necessary" to assure fairness to an individual. 5 U.S.C. § 552a(e)(5). If an agency wilfully or intentionally fails to maintain records in such a manner and, as a result, makes a determination adverse to an individual, it will be liable to that person for money damages. 5 U.S.C. §§ 552(g)(1)(C) and (g)(4).

Plaintiff asserts that this inaccurate, incorrect and erroneous information was used adversely against him by the Federal Bureau of Prisons to detain plaintiff beyond his full term expiration date of the seven (7) year D.C. Code sentence  that plaintiff had begun serving on December 19, 1989, and by the United States Parole Commission retaking plaintiff into custody, revoking his parole and continuing him to the expiration of the "[alleged]" owed five (5) years, five (5) months and three (3) days on the seven (7) year D.C. Code sentence.

Because the challenging information in plaintiff's files was capable of being verified, the agencies named herein did not satisfy the requirements of the Privacy Act, and therefore, plaintiff has been adversely affected and is continuously being affected by this erroneous information that remains in his files.

**WHEREFORE,** in light of the aforementioned, plaintiff moves this honorable court to issue a **"Declaratory Judgment"** against the defendants for failing to maintain accurate and correct records in plaintiff's files; that the Bureau of Prisons and U.S. Parole

-4-

Commission wilfully and intentionally failed to maintain plaintiff's records in accordance with sections (e)(5) and (g)(1)(C) of the Privacy Act, and that the court grants "Injunctive Relief" to plaintiff by ordering the defendants to correct this inaccurate, incorrect and erroneous information that is contained in his files; that the Federal Bureau of Prisons be ordered to recompute plaintiff's seven (7) year D.C. Code sentence by crediting this sentence with the appropriate time beginning from December 19, 1989 until August 16, 2002, and that the defendants be "ordered" to remove this inaccurate, incorrect and erroneous information from plaintiff's file.

Respectfully Submitted,

Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

My Commission Expires
4/1/09
Rita C. Williams, Notary
12/26/06

-5-

**ORIGINAL**

**Exhibit A**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CRIMINAL DIVISION - FELONY BRANCH

GEORGE C. JACKSON  :
a.k.a.      :
AINSWORTH JACKSON,  :
     PETITIONER, :
         : Criminal No. F-6422-'83
  v.      :
         : JUDGE ARTHUR L. BURNETT, SR.
UNITED STATES OF AMERICA, :
    RESPONDENT. :
_____  :

<u>ORDER</u>

Before this Court is Petitioner's Motion to Vacate and Set Aside Conviction Pursuant to D.C. Code § 23-110.[1]  On November 8, 1988, petitioner pleaded guilty to Counts thirty-six (36), thirty-seven (37), and thirty-eight (38) of the indictment, which amounted to a plea of guilty to one count of forgery and two counts of uttering under D.C. Code § 22-3841.  Pursuant to this guilty plea, this Court, on April 14, 1989 sentenced petitioner to one to three years imprisonment on the forgery count, to run concurrently with two consecutive terms of one to three years for the two uttering counts.  In sum, petitioner was sentenced to two to six years in total.

Petitioner submitted the present motion, stating that (1) this

---

[1]  This Court notes that Petitioner was sentenced on April 14, 1989 to two to six years imprisonment, which may render his prison sentence expired, at present, for the crimes to which he pleaded guilty in this matter.  If petitioner has served his prison term for the sentences rendered in this case, a D.C. Code § 23-110 motion is not the correct pleading to file at this time.  In this instance, a writ of <u>Coram Nobis</u> would be the proper for petitioner to file.





**FILED**

JAN 3 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Exhibit A1

ADP Form 18 DCDC-7-78

### DISTRICT OF COLUMBIA
### DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

88 JUL 18  10:19

Date Prepared
7-14-88
(Mo., Da., Yr.)

| DCDC Number | Name (Last, First, Middle) | | | | | | Race | Sex |
|---|---|---|---|---|---|---|---|---|
| 172 691 | XXXXXXXXX   JACKSON, GEORGE | | | | | | B | M |
| Height | Weight | Build | Eyes | Hair | Age | Birth Date 5-13-52 | Place of Birth | |

| | | | | |
|---|---|---|---|---|
| Offense | PV | BRA | Uttering/Forgery | |
| Case Number | | 6612-88C | F6422-83A & # AF | |
| Sentence (Yrs., Mos., Days) | OWES 3597 DAYS | 1 year Cond. | 2 to 6 years | |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | *6-7-88  6-9-88 | 4-24-89 | 4-18-89 | |
| Full Term Date (Mo., Da., Yr.) | 4-14-98 | | | |
| Short Term / M.R. Date (Mo., Da., Yr.) | 9-10-95 | | Sent to be | |
| Parole Eligibility Date (Mo., Da., Yr.) | PV | | computed when | |
| Max. Supervision Date (Mo., Da., Yr.) | N/A | | paroled from | |
| Statutory Good Time Rate / Month | | | DCPV Time | |
| Fine | | | | |
| Committing Judge | | | | |
| Defense Attorney | | | | |
| Initialed By: | C.T.  C.J. | | | |

| DETAINERS | | | | CONDUCT CREDITS | | | |
|---|---|---|---|---|---|---|---|
| Date Filed | For | Action | Date | Credits | Forfeit | Restore | Balance |
| 6-8-88 | ARLINGTON VA | | | | | | |
| 7-11-14 | USM | | | | | | |

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | *WARRANT EXECUTED 6-9-88 HOWEVER WAS HELD FOR DCPV ON 6-7-88    6-9-88 |
| | | PENDING    F6611-88    Forgery Not Gu.. |
| | | F6612-88 |
| | | F6422-83    28-3½ y o uttering |

**Exhibit B**

```
  BUHB1  540*23 *            SENTENCE MONITORING         *    07-10-2006
PAGE 002          *            COMPUTATION DATA          *    14:42:56
                              AS OF 07-10-2006
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


-------------------------CURRENT COMPUTATION NO: 050 -------------------------

COMPUTATION 050 WAS LAST UPDATED ON 07-10-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-10-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

```
DATE COMPUTATION BEGAN..........: 02-24-2005
TOTAL TERM IN EFFECT............: 1979 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS      5 MONTHS      3 DAYS
EARLIEST DATE OF OFFENSE........: 11-03-1983

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 520
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 02-21-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 01-27-2010
EXPIRATION FULL TERM DATE.......: 07-26-2010

NEXT PAROLE HEARING DATE........: 05-00-2008
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 02-21-2009
PROJECTED SATISFACTION METHOD...: MAND REL
```

REMARKS.......: COMP CERTIFIED BY DCRC ON 6/6/2005.


G0002       MORE PAGES TO FOLLOW . . .

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| John White, ISM | 6/22/05 |
| FROM: Ainsworth C. Jackson. | REGISTER NO.: 19728-001 |
| WORK ASSIGNMENT: Enviromental | UNIT: B14 216u |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.)

I would like to know why you have sent a detainer Action letter
to the Superior Court of D.C. for erroneous charges alleged by
the U.S. Parole Commission. I have never been arrested, charged
indicted or convicted of "Making A False Statement or Fraud.
Thereby pursuant to Sellers v. Bureau of Prisons I am
Requesting you to Remove this erroneous information from
my file. It is evident when you checked NCIC there were
no outstanding charges against me. I do not have any
outstanding charges. Please respond in writing.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member  Rau | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Exhibit C, page 2

Rivers Correctional Institution
Inmate Request to Staff


Date:       June 23, 2005

To:         Ainsworth Jackson
            Reg. No. 19728-101
            Unit B

            This is in response to your Inmate Request to Staff dated June 22, 2005, in
            which you request the removal of erroneous information maintained in your
            file. This information relates to a Detainer Action Letter referencing law
            violations for Fraud and Making a False Statement.

            It is the responsibility of this office to investigate any possible pending
            charges to determine if a detainer will be lodged. This does not pertain only
            charges where you have been arrested and charged but to any possible or
            pending outstanding charges.

            In your case the Warrant Application from the U.S. Parole Commission dated
            December 23, 2004 indicates two possible law violations, one for Fraud and
            one for Making a False Statement. These law violations are also noted on
            your Notice of Action from the Parole Commission dated May 19, 2005 and
            were used in part as reasons to violate your parole. Based on this
            information a Detainer Action Letter was sent to obtain information regarding
            these charges and determine if a detainer will be lodged.

            This information will not be removed from your file.

            **Your request denied**.


    ___06-23-2005___                          _~~John White~~_
         Date                                  John White, ISM

**Exhibit D**

November 29, 2005


Ainsworth C. Jackson
Reg. No. 19728-101
RCI
P.O. Box 630
Winton, N.C. 27986


Helen H. Krapels, Esq.
Office of the General Counsel
U.S Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD 20815-7201


Dear Ms. Krapels:


     I wrote you a letter on October 24, 2005 which pursuant
to the Freedom of Information & Privacy Act, Title 5 § 552(e)
(5), (g)(1), and (g)(4), I requested that your agency remove
the erroneous information that is contained in my file.  I have
as yet heard anything from you or your agency, which to me is
a form of denial.  Based on this denial, I am now allowed to
bring a civil action against your agency.


Sincerely,

Ainsworth C. Jackson

**Exhibit E**

June 6, 2006

Ainsworth C. Jackson
Reg. No. 19728-101
CI Rivers
P.O. Box 630
Winton, NC 27986

Mary Jo Williams, Case Analyst
U.S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, MD 20815

RE:  **Erroneous Information In Parole File**

Dear Ms. Williams:

     I am writing to you regarding the "erroneous information"
which you have placed in my parole file to include the following:

1.  Making A False Statement (Law Violation)
2.  Fraud (Law Violation)


     According to your agency, I was to have been charged and
convicted of these above reference charges, to which I never
was charged, arrested or convicted of any of the above mentioned
charges.  Pursuant to the Freedom of Information & Privacy Act,
Title 5 § 552(e)(5), (g)(1), and (g)(4), I am requesting that you
remove this adverse information from my file.  I have enclosed
copies of the documentation which you used in order to obtain
a Parole Violation Warrant using this very erroneous information.


Sincerely,

Ainsworth C. Jackson

Enclosures:

Exhibit F

December 20, 2006


Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986


Mr. Michael Stover
Deputy General Counsel
U.S. Parole Commission
5550 Friendship Blvd., Suite 420
Chevy Chase, MD 20815


Dear Mr. Stover:


    Pursuant to Title 5 U.S.C.A. § 552a(e)(5), (g)(1), and (g)(4),
under the Privacy Act, I am requesting that you remove the foregoing
erroneous information that is contained in my parole file which
was used adversely against me at my parole revocation hearing:

1.  Making A False Statement (Criminal Law Violation)
2.  Fraud (Criminal Law Violation)
3.  That I have twelve (12) criminal convictions.

    Please advice me as to whether you intend to make the necessary
corrections on this erroneous information?




Sincerely,

*Ainsworth C. Jackson*

Ainsworth C. Jackson




*Rita C. Williams, Notary*
*My commission expires 4/1/09*