## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AINSWORTH JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 07-203 (RWR)** |
| | ) | |
| **BUREAU OF PRISONS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Defendants respectfully move, pursuant to Fed. R. Civ. P. 12(b) (1), and (6), to dismiss this action. In the alternative, this Court should enter summary judgment in favor of Defendants, pursuant to Fed. R. Civ. P. 56, because there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.[1]

---

[1] Plaintiff should take notice that any factual assertions contained in the documents in support of this motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. P. 56(e).

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  A proposed Order consistent with this motion is attached hereto.

Respectfully submitted,


_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AINSWORTH JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **C.A. No. 07-203 (RWR)** |
| ) | |
| **BUREAU OF PRISONS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR,
## IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### Factual Background

Plaintiff Ainsworth Jackson is serving the remainder of an aggregated 13-year prison term in the Rivers Correctional Institution, Winton, N.C., stemming from U.S. Code and D.C. Code sentences. (See Exhibit 1, Bureau of Prisons Sentence Monitoring Computation Data).

On April 11, 1989, plaintiff received his U.S. Code prison sentence of 6 years upon his conviction for bank fraud in the U.S. District Court for the Western District of North Carolina. (Id.).    On April 14 and 18, 1989, he received D.C. Code prison sentences of 1 year and 6 years (consecutive) for violation of the Bail Reform Act, forgery, and uttering. (Id.).

A hearing examiner panel of the U.S. Parole Commission gave Jackson a parole hearing on July 15, 1991.  (See Exhibit 2, prehearing assessment and Exhibit 3, hearing summary).  At this hearing, the panel applied the Commission's regulation at 28 C. F. R. § 2.65 on prisoners serving mixed U.S. Code and D.C. Code sentences (this section had been previously numbered 28 C.F.R. § 2.66).  Under this policy, the Commission first applies the parole guidelines at 28 C.

F. R. § 2.20 to determine how much "federal time" the offender is to serve on the U.S. Code portion of his term before considering the D.C. portion, and then the Commission applies the guidelines of the former D.C. Board of Parole to determine how much D.C. prison time should be required before release.  As a result of the hearing, by Notice of Action dated August 30, 1991, the Commission decided to continue Jackson to the expiration of the federal sentence, and continue him to an initial parole hearing on the D.C. Code sentences in July 1993.  (See Exhibit 4).

Jackson appealed to the Commission's National Appeals Board by an appeal dated October 9, 1991.  (See Exhibit 5).  One of the contentions that Jackson raised in his appeal was that his D.C. Code and U.S. Code sentences were running together, and therefore he should have been considered for parole on both sentences.  By a Notice of Action dated December 13, 1991, the Commission informed Jackson that the previous decision was affirmed.  (See Exhibit 6).

Jackson was given another parole hearing on June 27, 1994 and the hearing panel applied the guidelines of the former D.C. Board of Parole.  (See Exhibit  7).  By a Notice of Action dated August 3, 1994, the Commission informed Jackson that he was paroled effective August 27, 1994.  (See Exhibit  8).  Jackson was paroled on August 26, 1994 to be supervised in the District of Columbia until December 7, 2002.  (See Exhibit  9, Certificate of Parole).

On September 8, 1995, the Commission issued a violator warrant for Jackson charging him with the offenses of bank fraud and assault on a police officer.  (See Exhibit 10, warrant application and Exhibit 11, warrant).  On May 1, 1996, Jackson was sentenced by the U.S. District Court for the District of Columbia to a 57- month term of imprisonment for interstate transportation of securities taken by fraud.  (See Exhibit 12).  By a supplemental warrant

application dated July 12, 1996, the Commission added the information on Jackson's new

conviction to the charged parole violations.  (See Exhibit  13).

Jackson was arrested on the Commission's violator warrant on October 6, 1999 after he

had completed service of the 57-month prison term. (See Exhibit  14).  The Commission gave

Jackson a revocation hearing on December 1, 1999.  (See Exhibit  15).  By a Notice of Action

dated January 21, 2000, the Commission informed Jackson of the following decisions: (1) revoke

parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive

parole after the service of 100 months (December 16, 2003).  (See Exhibit 16).

Jackson appealed these decisions to the Commission's National Appeals Board by an

appeal dated February 22, 2000. (See Exhibit  17). In his appeal, Jackson contended that the

Commission had "de-aggregated" his  D.C. Code and U.S. Code  sentences in applying the

regulation at 28 C. F. R. §2.65 prior to his parole in 1994. He also claimed that the Commission

erred in finding that he had 5 or more prior commitments of 30 days or more when scoring his

salient factor score.  These claims and others were analyzed in a memorandum dated June 6,

2000 from the Commission's legal staff. (See Exhibit  18). The legal staff recommended that

there was no merit to Jackson's claim that his sentences were de-aggregated.  The legal staff

reviewed plaintiff's criminal history and found that he has twelve prior convictions for

forgery/fraud/larceny crimes and five prior commitments for salient factor scoring purposes.  By

a Notice of Action dated June 8, 2000, the Commission informed Jackson that the decisions on

revocation and denial of credit from time spent on parole were affirmed and that his presumptive

parole date was modified to August 16, 2002. (See Exhibit  19). In the reasons for the decision,

the Commission found that Jackson was serving an aggregate term of thirteen years

imprisonment and that his sentences had not been de-aggregated in 1991. It also modified his

parole date based upon a revision of his parole guidelines, but found that a decision above the

guidelines was warranted for the following reason:

> [Y]ou are a poorer parole risk than shown by your salient factor score.  Your lengthy
> criminal record of repeated forgery/fraud/theft offenses, with 12 convictions for such
> crimes commencing in 1972, clearly evidences that your chosen career is to obtain money
> through theft and fraudulent practices.

Jackson was paroled again on August 16, 2002 to be supervised until January 16, 2008.

(See Exhibit  20). The Commission issued a violator warrant for Jackson on December 23, 2004,

charging him with violating a special condition that prohibited him from opening checking

accounts, failure to submit complete and truthful supervision reports, making a false statement,

and fraud. (See Exhibit  21, warrant application and Exhibit  22, warrant). Jackson was arrested

on the violator warrant on February 24, 2005. (See Exhibit  23). On March 18, 2005, the

Commission added charges that Jackson had failed to report to his supervising officer as

directed, and had failed to report a change in residence. (See Exhibit  24).

Jackson was given a revocation hearing on April 28, 2005. (See Exhibit  25).  By a Notice

of Action dated May 19, 2005, the Commission informed Jackson of the following decisions: (1)

revoke parole; (2) none of the time spent on parole shall credited; and (3) continue to the

expiration of sentence. (See Exhibit  26).

Jackson appealed these decisions to the Commission's National Appeals Board in an

appeal dated June 13, 2005. (See Exhibit  27). In the appeal, among other things, he asks that his

parole be terminated because his sentences have expired.  He also claimed that the Commission

erred when it stated that he had twelve prior convictions for offenses involving fraud.  On August

29, 2005, the National Appeals Board affirmed the Commission's decision finding that Jackson's claim that his sentence has expired had been raised in several petitions for writ of habeas corpus, which were not decided in his favor, and that there was evidence in his presentence report to support the finding that he had twelve convictions for fraud, forgery, and larceny offenses.  See Exhibit 28.

## **Litigation History**

In at least three prior cases, plaintiff Jackson has argued that his 1989 sentences have expired. In all instances he has failed to obtain habeas relief. In <u>Ainsworth Jackson v. Mendez</u>, Civil No. 3: CV-98-1279 (M.D. Pa. order dated Mar. 26, 1999), the U.S. District Court for the Middle District of Pennsylvania rejected Jackson's claim that his U.S. Code and D.C. Code sentences ran concurrently, not consecutively, and that the Parole Commission lacked jurisdiction to issue a violator warrant for his arrest because his sentences had expired.  (See attached). Plaintiff had argued that a Bureau of Prisons's policy statement supported his claim for concurrent service.  The District Court held that Jackson was not entitled to concurrent service of the terms and denied his habeas petition.

In <u>Ainsworth Jackson v. U.S. Parole Commission</u>, Civil Action No. AW-04-3081 (D. Md. order dated Mar. 29, 2005), the U. S. District Court for the District of Maryland denied Jackson's claim that his sentences had expired because the Parole Commission had de-aggregated his D.C. Code and U.S. Code sentences in its parole consideration in 1991.  (See attached.)  The Court found no merit in Jackson's theory of "de-aggregation".

In <u>Ainsworth Jackson v. U.S. Parole Commission</u>, Case No. SP-1340-05 (order dated September 27, 2005), the Superior Court for the District of Columbia denied the petition for writ

of habeas corpus.  Jackson had again brought the claim that his D.C. Code and U.S. Code

sentences have expired, combining his arguments that the sentences ran concurrently either

because of the Bureau of Prisons's policy statement or the Parole Commission's application of its

regulation on mixed D.C. Code and U.S. Code sentences.

## Claims Presented

Plaintiff claims that the Bureau of Prisons and the Parole Commission have failed to

maintain accurate and correct records in violation of the Privacy Act.  Complaint, p. 1.

Plaintiff specifically claims that the Bureau of Prisons has erroneously computed the

expiration of a seven-year sentence imposed by the Superior Court for the District of Columbia.

Complaint, p. 1.

Plaintiff also claims that the Parole Commission's records erroneously contain

information that he has twelve prior criminal convictions and that, while on parole, petitioner had

been convicted of the offenses of fraud and making a false statement.  Complaint, p.3.

## Argument

I.    **Plaintiff's claims under the Privacy Act against the Parole Commission should be dismissed.**

A.    **Plaintiff should present his claim in a petition for a writ of habeas corpus, rather than under the Privacy Act.**

Plaintiff is currently confined at the Rivers Correctional Institution, Winton, North

Carolina.  He brings this Privacy Act suit in lieu of pursuing the usual avenue to gain judicial

review of a denial of parole: a habeas corpus petition under 28 U.S.C. § 2241.  This petition

would, of course, have to be brought where plaintiff is confined.  Guerra v. Meese, 786 F.2d 414,

416 (D.C. Cir. 1986).

The D.C. Circuit's decision in <u>Razzoli v. Federal Bureau of Prisons</u>, 230 F.3d 371 (D.C. Cir. 2000), is applicable to the circumstances of this case.  In <u>Razzoli</u>, the court held that a prisoner whose Privacy Act claim was that the Bureau of Prisons and the Parole Commission violated the Act by maintaining in their files and using a record they knew to be false could not proceed with his suit, but must first proceed in habeas corpus because his claim was ultimately a challenge to the duration of his custody.  Likewise, plaintiff must proceed in habeas corpus because he ultimately is challenging the Commission's authority to revoke his parole because he claims that his sentence has expired. He is also challenging the Commission's decision regarding the duration of his confinement and the documentary basis for that decision. Plaintiff's challenge must, therefore, be brought in a petition for a writ of habeas corpus.  See <u>Wolf v. McDonnell</u>, 418 U.S. 539, 556-57 (1974); <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487-88 (1973); <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804 (D.C. Cir. 1988)(en banc); <u>Fendler v. United States Parole Commission</u>, 774 F.2d 975, 979 (9th Cir. 1985);  <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1096 n. 14 (9th Cir. 1986), <u>cert. denied</u> 481 U.S. 1069 (1987); <u>see also</u>, <u>McCollum v. Miller</u>, 695 F.2d 1044, 1046 (7th Cir. 1982).  A Privacy Act lawsuit cannot be maintained under section (e)(5) when the plaintiff challenges an adverse agency determination but has failed to exhaust "the established and proven method" by which individuals, distressed by agency treatment of their applications for relief, seek judicial review.  <u>White v. United States Civil Service Comm'n.</u>, 589 F.2d 713, 715 (D.C. Cir. 1978).

**B.    The Parole Commission is exempt from the record-amendment requirements of Section (d) of the Privacy Act.**

The Parole Commission as a law enforcement agency is exempt from the record-amendment requirements of the Privacy Act, 5 U.S.C. §552a(d)(2).  See Fendler, 774 F.2d at 979. It, therefore, has no duty to investigate (independently of the parole hearing process) the accuracy of information in a presentence report, in prison institutional records, or parole summaries of those records.  See Buxton v. U.S. Parole Commission, 844 F. Supp. 642, 644 (D. Ore. 1994)("the USPC [is] exempt from the record-amendment requirements of 5 U.S.C. 552a(d), which requires agencies to investigate claimed inaccuracies in government records.").  Plaintiff's prior criminal and institutional record are contained in his presentence report, various Bureau of Prisons documents, and parole summaries.  Records such as the presentence report, the Bureau of Prisons documents, and the parole summaries maintained by an agency such as the U.S. Parole Commission, can be exempted from certain provisions of the Privacy Act.  Section 552a(j)(2) of 5 U.S.C. permits the Department of Justice to promulgate such an exemption for any record

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws ... and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists ... (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2).  Presentence reports, Bureau of Prisons documents, and parole summaries clearly fall within this exemption.  The Justice Department has exempted the Parole Commission from the record-amendment requirements of the Privacy Act, 5 U.S.C. §552a(d).  See 28 C.F.R. §16.85(a)(2).

-8-

Thus, the Commission has a prescribed statutory proceeding for achieving fairness and accuracy in record-based parole determinations, as mandated by 5 U.S.C. §552a(e)(5).  The proceedings for plaintiff were his parole hearings and administrative appeals, and those proceedings were the exclusive forum in which to present challenges to the factual accuracy of any information submitted to the Parole Commission.

**C.     The Parole Commission has complied with 5 U.S.C. §552a(e)(5) by providing plaintiff with parole hearings, i.e., a fair opportunity to present his contentions about the documents in his file.**

Plaintiff requests "declaratory and injunctive" relief based on the Commission's alleged violation of the Privacy Act and adverse determinations made in his case.  Section 552a(e)(5) of the Privacy Act requires that an agency maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination. The Privacy Act provides civil remedies at 5 U.S.C. §552a(g) for violations of §552a(e)(5) of the Act.  Section (g)(1)(C) provides that an individual may bring a civil action against an agency which "fails to maintain any record concerning an individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness ....".  Section (g)(4) provides for civil remedies if the plaintiff can show that the agency willfully or intentionally failed to maintain a record which resulted in an adverse determination.

Defendants do not dispute that they have some obligation to undertake efforts to maintain accurate records.  The U.S. Court of Appeals for the District of Columbia held that under §552a(e)(5), "as long as the information contained in agency's files is capable of being verified, then. . . the agency must take reasonable steps to maintain the accuracy of the information to

ensure fairness to the individual." See <u>Sellers v. Bureau of Prisons</u>, 959 F.2d 307, 312 (D.C. Cir.

1992). The record shows that the Parole Commission has fulfilled its obligation in this case by

conducting hearings in plaintiff's case. In <u>Buxton v. United States Parole Commission</u>, 844 F.

Supp. 642 (D. Ore. 1994), the court held that the "fairness" requirement of Section (e)(5) of the

Privacy Act does not require the Commission to "investigate" a disputed presentence report, but

only to review the information that has been furnished by other government agencies, the courts

and the prisoner, and to conduct a parole hearing. See 18 U.S.C. § 4207 (regarding information

to consider in making parole decisions). The <u>Buxton</u> court held that the Parole Commission is an

adjudicatory agency that achieves "fairness" by holding a parole hearing with an opportunity for

the prisoner to refute allegations in the record that he disputes. This opportunity was afforded the

plaintiff.

    <u>Sellers</u> does not, moreover, require a <u>de novo</u> court review of the underlying issues of

fact, only limited review to determine if the agency followed procedures that were not "willfully

and intentionally" unfair. See <u>Sellers</u>, 959 F.2d at 312, citing <u>White v. Office of Personnel</u>

<u>Management</u>, 787 F.2d 660 (D.C. Cir. 1986). Moreover, <u>Sellers</u> recognizes that a "reasonable

step" is a hearing with "an opportunity to refute the charges." <u>Sellers</u>, <u>supra</u> 959 F.2d at 312.

    By complying with the statutes governing the parole hearing process, 18 U.S.C. § 4206

through § 4215, the Parole Commission has provided plaintiff with the fairness required by the

Privacy Act subsection (e)(5). Congress clearly intended to set the definitive standards for

achieving "fairness" in Parole Commission determinations when it enacted the Parole

Commission and Reorganization Act of 1976. A parole hearing is an eligible federal prisoner's

prescribed statutory means to "ensure fair consideration of all relevant material including that

offered by the prisoner."  See House Conference Report No. 94-838, Joint Explanatory Statement of the Committee of Conference at page 21, reprinted in 1976 U.S.Code Cong. & Ad. News at 353 (1976).  The inmate is given advance opportunity to review the documents the Commission intends to rely upon, 18 U.S.C. § 4208, and the opportunity to challenge the information contained therein at the hearing.  28 C.F.R. §2.19(c).  By conducting its parole hearings according to the procedures mandated by Congress at 18 U.S.C. § 4208, the Parole Commission automatically complies with §552a(e)(5) of the Privacy Act.  See Buxton, 844 F.Supp. at 644.  Therefore, the section 552a(e)(5) "fairness" standard was satisfied.  "Willful and intentional" unfairness making the agency liable for damages under the Privacy Act section (g) would be provable only if plaintiff could show, for example, that, under (e)(5), the Commission made parole decisions without any attempt to hold a hearing and consider his arguments as to the accuracy of the information in his file.

In this case, plaintiff has received several parole revocation hearings.  Additionally, plaintiff had an opportunity to appeal his decisions to the Commission's National Appeals Board and has specifically raised the issues that he has raised in this litigation.  Plaintiff has had ample opportunity to rebut the information in the record.  Therefore, plaintiff's claim under the Privacy Act should be dismissed for failure to state a claim.

**II.    There is no merit to plaintiff's claim that the Parole Commission has asserted that he had been convicted of fraud or making a false statement.**

There is no merit to plaintiff's claim that the Commission found that he had been convicted of the offense of making a false statement. The Parole Commission, rather, made an independent finding, based upon the preponderance of the evidence, that plaintiff had committed

-11-

the offense.  See  Exhibit 26.  The Parole Commission's regulations provide that new criminal

conduct may be determined by a new federal, state or local conviction, or by an independent

finding by the Commission.  See 28 C.F.R. § 2.21(a)(2).  Any dispute as to the accuracy of

information presented to the Commission is to be resolved based upon the preponderance of the

evidence.  See 28 C.F.R. § 2.19(c).  In plaintiff's case, the Commission found that the testimony

and supporting documents provided by the U.S. Probation Officer at plaintiff's revocation

hearing was more convincing than plaintiff's testimony.

## <u>Conclusion</u>

For the reasons set forth above, petitioner's complaint under the Privacy Act should be
dismissed.

Respectfully submitted,


_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236


-12-

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment, supporting memorandum, statement of material facts, and a proposed Order has been made by mailing copies thereof to:

        Ainsworth C. Jackson, #19728-101
        Rivers Correctional Institution
        P.O. Box 630
        Winton, NC 27986

on this 29th day of March, 2007.


            _____//_____
            Alexander D. Shoaibi
            Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|                             |     |                        |
|-----------------------------|-----|------------------------|
| **AINSWORTH JACKSON,**      | )   |                        |
|                             | )   |                        |
| **Plaintiff,**              | )   |                        |
|                             | )   |                        |
| **v.**                      | )   | **C.A. No. 07-203 (RWR)** |
|                             | )   |                        |
| **BUREAU OF PRISONS, et al.** | ) |                        |
|                             | )   |                        |
| **Defendants.**             | )   |                        |
|                             | )   |                        |
|                             | )   |                        |

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to LCvR 7(h), Defendants respectfully submit this statement of material facts as to which there is no genuine dispute.

1. Plaintiff Ainsworth Jackson is serving the remainder of an aggregated 13-year prison term in the Rivers Correctional Institution, Winton, N.C., stemming from U.S. Code and D.C. Code sentences. (See Exhibit 1, Bureau of Prisons Sentence Monitoring Computation Data).

2. On April 11, 1989, plaintiff received his U.S. Code prison sentence of 6 years upon his conviction for bank fraud in the U.S. District Court for the Western District of North Carolina. (Id.).

3. On April 14 and 18, 1989, he received D.C. Code prison sentences of 1 year and 6 years (consecutive) for violation of the Bail Reform Act, forgery, and uttering. (Id.).

4. A hearing examiner panel of the U.S. Parole Commission gave Jackson a parole hearing on July 15, 1991. (See Exhibit 2, prehearing assessment and Exhibit 3, hearing summary).

5. At this hearing, the panel applied the Commission's regulation at 28 C. F. R. § 2.65 on prisoners serving mixed U.S. Code and D.C. Code sentences (this section had been previously numbered 28 C.F.R. § 2.66). Under this policy, the Commission first applies the parole guidelines at 28 C. F. R. § 2.20 to determine how much "federal time" the offender is to serve on the U.S. Code portion of his term before considering the D.C. portion, and then the Commission applies the guidelines of the former D.C. Board of Parole to determine how much D.C. prison time should be required before release. (Id.)

6. As a result of the hearing, by Notice of Action dated August 30, 1991, the Commission decided to continue Jackson to the expiration of the federal sentence, and continue him to an initial parole hearing on the D.C. Code sentences in July 1993. (See Exhibit 4).

7. Jackson appealed to the Commission's National Appeals Board by an appeal dated October 9, 1991. (See Exhibit 5).

8. One of the contentions that Jackson raised in his appeal was that his D.C. Code and U.S. Code sentences were running together, and therefore he should have been considered for parole on both sentences. (Id.)

9. By a Notice of Action dated December 13, 1991, the Commission informed Jackson that the previous decision was affirmed. (See Exhibit 6).

10. Jackson was given another parole hearing on June 27, 1994 and the hearing panel applied the guidelines of the former D.C. Board of Parole. (See Exhibit 7).

11. By a Notice of Action dated August 3, 1994, the Commission informed Jackson that he was paroled effective August 27, 1994. (See Exhibit 8).

12. Jackson was paroled on August 26, 1994 to be supervised in the District of Columbia until December 7, 2002. (See Exhibit 9, Certificate of Parole).

13. On September 8, 1995, the Commission issued a violator warrant for Jackson charging him with the offenses of bank fraud and assault on a police officer.  (See Exhibit 10, warrant application and Exhibit 11, warrant).

14. On May 1, 1996, Jackson was sentenced by the U.S. District Court for the District of Columbia to a 57- month term of imprisonment for interstate transportation of securities taken by fraud.  (See Exhibit 12).

15. By a supplemental warrant application dated July 12, 1996, the Commission added the information on Jackson's new conviction to the charged parole violations.  (See Exhibit  13).

16. Jackson was arrested on the Commission's violator warrant on October 6, 1999 after he had completed service of the 57-month prison term. (See Exhibit  14).

17. The Commission gave Jackson a revocation hearing on December 1, 1999.  (See Exhibit  15).

18. By a Notice of Action dated January 21, 2000, the Commission informed Jackson of the following decisions: (1) revoke parole; (2) none of the time spent on parole shall be credited; and (3) continue to a presumptive parole after the service of 100 months (December 16, 2003). (See Exhibit 16).

19. Jackson appealed these decisions to the Commission's National Appeals Board by an appeal dated February 22, 2000. (See Exhibit  17).

20. In his appeal, Jackson contended that the Commission had "de-aggregated" his  D.C. Code and U.S. Code  sentences in applying the regulation at 28 C. F. R. §2.65 prior to his parole in 1994. He also claimed that the Commission erred in finding that he had 5 or more prior commitments of 30 days or more when scoring his salient factor score. (Id.)

21. These claims and others were analyzed in a memorandum dated June 6, 2000 from the

Commission's legal staff. (See Exhibit 18).

22. The legal staff recommended that there was no merit to Jackson's claim that his sentences were de-aggregated. The legal staff reviewed plaintiff's criminal history and found that he has twelve prior convictions for forgery/fraud/larceny crimes and five prior commitments for salient factor scoring purposes. (Id.)

23. By a Notice of Action dated June 8, 2000, the Commission informed Jackson that the decisions on revocation and denial of credit from time spent on parole were affirmed and that his presumptive parole date was modified to August 16, 2002. (See Exhibit 19).

24. In the reasons for the decision, the Commission found that Jackson was serving an aggregate term of thirteen years imprisonment and that his sentences had not been de-aggregated in 1991. It also modified his parole date based upon a revision of his parole guidelines, but found that a decision above the guidelines was warranted for the following reason:

> [Y]ou are a poorer parole risk than shown by your salient factor score. Your lengthy criminal record of repeated forgery/fraud/theft offenses, with 12 convictions for such crimes commencing in 1972, clearly evidences that your chosen career is to obtain money through theft and fraudulent practices.

(Id.).

25. Jackson was paroled again on August 16, 2002 to be supervised until January 16, 2008. (See Exhibit 20).

26. The Commission issued a violator warrant for Jackson on December 23, 2004, charging him with violating a special condition that prohibited him from opening checking accounts, failure to submit complete and truthful supervision reports, making a false statement, and fraud. (See Exhibit 21, warrant application and Exhibit 22, warrant).

27. Jackson was arrested on the violator warrant on February 24, 2005. (See Exhibit 23).

28. On March 18, 2005, the Commission added charges that Jackson had failed to report to his supervising officer as directed, and had failed to report a change in residence. (See Exhibit 24).

29. Jackson was given a revocation hearing on April 28, 2005. (See Exhibit 25).

30. By a Notice of Action dated May 19, 2005, the Commission informed Jackson of the following decisions: (1) revoke parole; (2) none of the time spent on parole shall credited; and (3) continue to the expiration of sentence. (See Exhibit 26).

31. Jackson appealed these decisions to the Commission's National Appeals Board in an appeal dated June 13, 2005. (See Exhibit 27).

32. In the appeal, among other things, he asks that his parole be terminated because his sentences have expired. He also claimed that the Commission erred when it stated that he had twelve prior convictions for offenses involving fraud. (Id.)

33. On August 29, 2005, the National Appeals Board affirmed the Commission's decision finding that Jackson's claim that his sentence has expired had been raised in several petitions for writ of habeas corpus, which were not decided in his favor, and that there was evidence in his presentence report to support the finding that he had twelve convictions for fraud, forgery, and larceny offenses. (See Exhibit 28).

Respectfully submitted,

_____//_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____//_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____//_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
501 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

# UNITED STATES PAROLE COMMISSION

# <u>CERTIFICATE</u>

I, Helen H. Krapels, Attorney for the United States Parole Commission, with offices at

5550 Friendship Boulevard, Chevy Chase, Maryland 20815, hereby certify that the attached

exhibits are true copies of documents found in the U.S. Parole Commission's file pertaining to

inmate Jackson, Ainsworth, Federal Register Number 19728-101.

IN WITNESS WHEREOF, I have signed this 28th day of February, 2007, and affixed the

seal of the U.S. Parole Commission.



HELEN H. KRAPELS
Attorney,
U.S. Parole Commission

```
H    PAR4I  540*23 *              SENTENCE MONITORING           *       02-28-2007
PAGE 001           *             COMPUTATION DATA              *     13:30:50
                                  AS OF 02-28-2007
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

```
FBI NO...........: 579742H              DATE OF BIRTH: 05-13-1952
ARS1.............: RIV/A-DES
UNIT.............: B                    QUARTERS.....: B01-216L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 09-30-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  02-21-2009 VIA MAND REL

---------------------CURRENT JUDGMENT/WARRANT NO: 070 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F6422-83,F6612-88
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 04-11-1989
DATE WARRANT ISSUED.............: 12-23-2004
DATE WARRANT EXECUTED...........: 02-24-2005
DATE COMMITTED..................: 06-02-2005
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

  REMARKS.......: CR-88-167-01 ALSO INCLUDED IN COMP.

---------------------CURRENT OBLIGATION NO: 010 ------------------------
OFFENSE CODE....:  613
OFF/CHG: 22-3842;FORGERY, UTTERING, BANK FRAUD

```
  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:   13 YEARS
  NEW SENTENCE IMPOSED...........:  1979 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 11-03-1983
```

G0002        MORE PAGES TO FOLLOW . . .

EXHIBIT
1

```
5H    PAR4I  540*23 *              SENTENCE MONITORING          *    02-28-2007
PAGE 002           *              COMPUTATION DATA       *    13:30:50
                                  AS OF 02-28-2007
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

------------------------CURRENT COMPUTATION NO: 050 -------------------------

COMPUTATION 050 WAS LAST UPDATED ON 07-10-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 07-10-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 070 010

```
DATE COMPUTATION BEGAN..........: 02-24-2005
TOTAL TERM IN EFFECT............: 1979 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    5 YEARS      5 MONTHS      3 DAYS
EARLIEST DATE OF OFFENSE........: 11-03-1983

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 520
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 02-21-2009
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 01-27-2010
EXPIRATION FULL TERM DATE.......: 07-26-2010

NEXT PAROLE HEARING DATE........: 05-00-2008
TYPE OF HEARING.................: STATUTORY INTERIM HEARING

PROJECTED SATISFACTION DATE.....: 02-21-2009
PROJECTED SATISFACTION METHOD...: MAND REL
```

REMARKS.......: COMP CERTIFIED BY DCRC ON 6/6/2005.

G0002       MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *              SENTENCE MONITORING        *    02-28-2007
PAGE 003         *                 COMPUTATION DATA       *       13:30:50
                                   AS OF 08-16-2002
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


```
FBI NO...........: 579742H          DATE OF BIRTH: 05-13-1952
ARS1.............: RIV/A-DES
UNIT.............: B                QUARTERS.....: B01-216L
DETAINERS........: NO               NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  08-16-2002 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 060 -----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F6422-83AE,AF,AG
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 04-11-1989
DATE WARRANT ISSUED.............: 09-08-1995
DATE WARRANT EXECUTED...........: 10-06-1999
DATE COMMITTED..................: 10-06-1999
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  613
OFF/CHG: DC CODE FORGERY, UTTERING

```
 SENTENCE PROCEDURE.............: DC CODE ADULT
 SENTENCE IMPOSED/TIME TO SERVE.:   13 YEARS
 NEW SENTENCE IMPOSED...........: 3025 DAYS
 BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
 DATE OF OFFENSE................: 11-03-1983
```

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *           SENTENCE MONITORING        *    02-28-2007
PAGE 004         *              COMPUTATION DATA       *    13:30:50
                                AS OF 08-16-2002
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


------------------------PRIOR COMPUTATION NO: 040 --------------------------

COMPUTATION 040 WAS LAST UPDATED ON 08-16-2002 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 040:   060 010

```
DATE COMPUTATION BEGAN..........: 10-06-1999
TOTAL TERM IN EFFECT............: 3025 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    8 YEARS      3 MONTHS      11 DAYS
EARLIEST DATE OF OFFENSE........: 11-03-1983

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 8
TOTAL SGT POSSIBLE..............: 794
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-13-2005
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: 07-20-2007
EXPIRATION FULL TERM DATE.......: 01-16-2008

PAROLE EFFECTIVE................: 08-16-2002
PAROLE EFF VERIFICATION DATE....: 12-04-2001
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 08-16-2002
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: MYR

DAYS REMAINING..................: 1979
FINAL PUBLIC LAW DAYS...........: 0
```

NOA DATED 12-04-2001, PAROLE EFFECTIVE 8-16-2002.

G0002      MORE PAGES TO FOLLOW . . .

```
5H     PAR4I  540*23 *              SENTENCE MONITORING        *      02-28-2007
PAGE 005        *               COMPUTATION DATA         *    13:30:50
                                AS OF 10-06-1999
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

```
FBI NO...........: 579742H            DATE OF BIRTH: 05-13-1952
ARS1.............: RIV/A-DES
UNIT.............: B                  QUARTERS.....: B01-216L
DETAINERS........: YES                NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  10-06-1999 VIA GCT REL

REMARKS........: D=US PAROLE COMMISSION- USDC FNCW/DCSC MIX

-----------------------PRIOR JUDGMENT/WARRANT NO: 050 ------------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, DISTRICT CRT
DOCKET NUMBER...................: CR 95-256
JUDGE...........................: HARRIS
DATE SENTENCED/PROBATION IMPOSED: 04-30-1996
DATE COMMITTED..................: 05-28-1996
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $50.00         $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $2,000.00
```

-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  028
OFF/CHG: INTERSTATE TRANSPORTATION OF SECURITIES TAKEN BY FRAUD:
         18:2314

```
  SENTENCE PROCEDURE.............: 3559 VCCLEA NON-VIOLENT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   57 MONTHS
  TERM OF SUPERVISION............:    3 YEARS
  DATE OF OFFENSE................: 08-16-1995
```

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *              SENTENCE MONITORING          *      02-28-2007
PAGE 006          *              COMPUTATION DATA          *      13:30:50
                                 AS OF 10-06-1999


REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


-------------------------PRIOR COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 03-07-1997 AT ALM AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   050 010

DATE COMPUTATION BEGAN..........: 04-30-1996
TOTAL TERM IN EFFECT...........:    57 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS      9 MONTHS
EARLIEST DATE OF OFFENSE........: 08-16-1995

JAIL CREDIT....................:    FROM DATE    THRU DATE
                                    08-16-1995   04-29-1996

TOTAL PRIOR CREDIT TIME.........: 258
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 223
TOTAL GCT EARNED................: 223
STATUTORY RELEASE DATE PROJECTED: 10-06-1999
SIX MONTH /10% DATE.............: 05-09-1999
EXPIRATION FULL TERM DATE.......: 05-16-2000

NEXT PAROLE HEARING DATE........: 12-00-1999
TYPE OF HEARING.................: SPECIAL

ACTUAL SATISFACTION DATE........: 10-06-1999
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: ALM
ACTUAL SATISFACTION KEYED BY....: MFG

DAYS REMAINING..................: 223
FINAL PUBLIC LAW DAYS...........: 0




G0002       MORE PAGES TO FOLLOW . . .
```

```
5H     PAR4I  540*23 *              SENTENCE MONITORING        *    02-28-2007
PAGE 007          *              COMPUTATION DATA         *     13:30:50
                                 AS OF 10-20-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

```
FBI NO...........: 579742H          DATE OF BIRTH: 05-13-1952
ARS1.............: RIV/A-DES
UNIT.............: B                QUARTERS.....: B01-216L
DETAINERS........: NO               NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  10-20-1994 VIA PL RELEASE

----------------------PRIOR JUDGMENT/WARRANT NO: 040 ----------------------

```
COURT OF JURISDICTION...........: NORTH CAROLINA, WESTERN DISTRICT
DOCKET NUMBER...................: C-CR-88-167-01
JUDGE...........................: POTTER
DATE SENTENCED/PROBATION IMPOSED: 04-11-1989
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 08-27-1994
HOW COMMITTED...................: PUBLIC LAW-PAROLEE
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO      AMOUNT:  $00.00

----------------------PRIOR OBLIGATION NO: 010 ----------------------
OFFENSE CODE....:  156
OFF/CHG: 18:1344 & 2 - BANK FRAUD & CAUSING AN ACT TO BE DONE

```
 SENTENCE PROCEDURE.............: 4209 PAROLEE IN PGM WITH NO DRUG AFT CARE
 SENTENCE IMPOSED/TIME TO SERVE.:  120 DAYS
 DATE OF OFFENSE................: 07-22-1987
```

 REMARKS.......: 8/3/94: USPC NOA -- PAROLE EFFECTIVE 8/27/94, WITH A SPECIAL
                 CONDITION REQUIRING SUBJECT TO RESIDE IN AND PARTICIPATE IN A
                 COMMUNITY CORRECTIONS CENTER FOR UP TO 120 DAYS.  ON 10/20/94
                 P/U BY VA AUTHORITIES ON OUTSTANDING WARRANT.

5H

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *            SENTENCE MONITORING       *    02-28-2007
PAGE 008        *            COMPUTATION DATA       *    13:30:50
                             AS OF 10-20-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


-------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 09-02-1994 AT CBR AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    040 010

```
DATE COMPUTATION BEGAN..........: 08-27-1994
TOTAL TERM IN EFFECT............:   120 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     3 MONTHS    28 DAYS
EARLIEST DATE OF OFFENSE........: 07-22-1987

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 0
TOTAL SGT POSSIBLE..............: 0
PAROLE ELIGIBILITY..............: N/A
STATUTORY RELEASE DATE..........: N/A
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-24-1994

NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

ACTUAL SATISFACTION DATE........: 10-20-1994
ACTUAL SATISFACTION METHOD......: PL RELEASE
ACTUAL SATISFACTION FACILITY....: CBR
ACTUAL SATISFACTION KEYED BY....: DJB

DAYS REMAINING..................: 65
FINAL PUBLIC LAW DAYS...........: 0
```

            INCLUDES DOCKET F6612-88C, DISTRICT OF COLUMBIA SUPERIOR
            COURT; F6422-83AE,AF,AG, DISTRICT OF COLUMBIA SUPERIOR COURT.




G0002      MORE PAGES TO FOLLOW . . .

```
5H     PAR4I  540*23 *              SENTENCE MONITORING        *    02-28-2007
PAGE 009         *                  COMPUTATION DATA        *    13:30:50
                                    AS OF 08-26-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

```
FBI NO...........: 579742H           DATE OF BIRTH: 05-13-1952
ARS1.............: RIV/A-DES
UNIT.............: B                  QUARTERS.....: B01-216L
DETAINERS........: NO                 NOTIFICATIONS: NO
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  08-26-1994 VIA PAROLE

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: NORTH CAROLINA, WESTERN DISTRICT
DOCKET NUMBER...................: C-CR-88-167-01
JUDGE...........................: POTTER
DATE SENTENCED/PROBATION IMPOSED: 04-11-1989
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 12-19-1989
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00       $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00
```

-----------------------PRIOR OBLIGATION NO: 010 --------------------------
```
OFFENSE CODE....:  156
OFF/CHG: BANK FRAUD & CAUSING AN ACT TO BE DONE - T18USC1344 & 2

 SENTENCE PROCEDURE.............: 4205(A) REG ADULT-ORIG TERM GRTR THAN 1YR
 SENTENCE IMPOSED/TIME TO SERVE.:     6 YEARS
 DATE OF OFFENSE................: 07-22-1987

 REMARKS.......: $100.00 ASSESSMENT PAID ON 06-12-1992.
```

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------
```
5H
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F6612-88C
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 04-14-1989
```

G0002       MORE PAGES TO FOLLOW . . .

```
5H     PAR4I  540*23 *            SENTENCE MONITORING        *    02-28-2007
PAGE 010         *               COMPUTATION DATA         *   13:30:50
                                 AS OF 08-26-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES

```
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 12-19-1989
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

|  | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $00.00 | $00.00 | $00.00 | $10.00 |

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

------------------------PRIOR OBLIGATION NO: 010 --------------------------

OFFENSE CODE....: 695
OFF/CHG: BAIL REFORM ACT - DC CODE VIOLATION

```
SENTENCE PROCEDURE.............: DC CODE ADULT
SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS
MINIMUM TERM...................:    4 MONTHS
RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS
DATE OF OFFENSE................: 11-09-1988
```

------------------------PRIOR JUDGMENT/WARRANT NO: 030 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F6422-83AE,AF,AG
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 04-18-1989
DATE WARRANT ISSUED.............: N/A
DATE WARRANT EXECUTED...........: N/A
DATE COMMITTED..................: 12-19-1989
HOW COMMITTED...................: DC SUPERIOR COURT COMT
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

|  | FELONY ASSESS | MISDMNR ASSESS | FINES | COSTS |
|---|---|---|---|---|
| NON-COMMITTED.: | $00.00 | $00.00 | $00.00 | $60.00 |

5H   RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

G0002      MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *              SENTENCE MONITORING        *     02-28-2007
PAGE 011         *                COMPUTATION DATA        *    13:30:50
                                  AS OF 08-26-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


-------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  613
OFF/CHG: UTTERING(2 CTS) & FORGERY - DC CODE VIOLATIONS

  SENTENCE PROCEDURE.............: DC CODE ADULT
  SENTENCE IMPOSED/TIME TO SERVE.:    6 YEARS
  MINIMUM TERM...................:    2 YEARS
  RELATIONSHIP OF THIS OBLIGATION
   TO OTHERS FOR THE OFFENDER....: CS
  DATE OF OFFENSE................: 11-09-1988

-------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 08-25-1994 AT ASH AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010, 020 010, 030 010

DATE COMPUTATION BEGAN..........: 12-19-1989
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 50
TOTAL TERM IN EFFECT............:   13 YEARS
TOTAL TERM IN EFFECT CONVERTED..:   13 YEARS
AGGREGATED MINIMUM TERM.........:    4 YEARS      4 MONTHS
EARLIEST DATE OF OFFENSE........: 07-22-1987

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   05-27-1988     06-06-1988


G0002       MORE PAGES TO FOLLOW . . .

```
5H    PAR4I  540*23 *           SENTENCE MONITORING       *    02-28-2007
PAGE 012 OF 012 *               COMPUTATION DATA       *   13:30:50
                                AS OF 08-26-1994
```

REGNO..: 19728-101 NAME: JACKSON, AINSWORTH CHARLES


```
TOTAL JAIL CREDIT TIME.........: 11
TOTAL INOPERATIVE TIME.........: 0
STATUTORY GOOD TIME RATE.......: 10
TOTAL SGT POSSIBLE.............: 1560
PAROLE ELIGIBILITY.............: 10-21-1993
STATUTORY RELEASE DATE.........: 08-30-1998
TWO THIRDS DATE................: 12-07-1993
180 DAY DATE...................: 06-10-2002
EXPIRATION FULL TERM DATE......: 12-07-2002

PAROLE EFFECTIVE...............: 08-27-1994
PAROLE EFF VERIFICATION DATE...: 08-03-1994
NEXT PAROLE HEARING DATE.......: N/A
TYPE OF HEARING................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE.......: 08-26-1994
ACTUAL SATISFACTION METHOD.....: PAROLE
ACTUAL SATISFACTION FACILITY...: ASH
ACTUAL SATISFACTION KEYED BY...: GJD

DAYS REMAINING.................: 3024
FINAL PUBLIC LAW DAYS..........: 1
```

1. P.E. COMPUTED IN ACCORDANCE W/COURT OF APPEALS DECISION,
CHATMAN-BEY V THORNBURG (BASED ON 4YR4MO); 2. P.E. DATE 4-7-94
ADVANCED BY 168 DYS DC IGT TO 10-21-93; 3. 2/3RDS DATE RELATES
ONLY TO 6YR 4205A FEDERAL TERM; 4. SENTENCE COMP.PROVIDED BY
DCDOC; HOWEVER, UPDATED AT OXF TO REFLECT 11DYS JAIL CREDIT


G0000      TRANSACTION SUCCESSFULLY COMPLETED

## PREHEARING ASSESSMENT

Institution: Oxford
Mixed U.S./DC Code

**Name:** JACKSON, Ainsworth Charles    **Reg. No.:** 19728-101
**Date of birth:** 05-13-52    **Months in custody:** 19 **as of** 7/18/91
**Sentence(s) length/type:** 6 years Reg. Adult
DC Superior Court Sentences 2 to 6 years for Uttering and Forgery and 4
months to one year for Bail Reform.
**Parole eligibility date:** 11/1/93    **TWO THIRDS**    **Date:** 12/18/93
(Parole eligibility on the 6 year Federal Sentence is 12-18-91)
**Statutory Release Date:** 9-10-98
**Detainer:** no
**Fines/restitution:** $100.00 felony assessment & $70.00 Court Cost.
**Special Assessment:**
**Reviewer:** MILLS    **Date:** 6/21/91
**********************************************************************

Please note the panel should also review the remarks at the end of the BP5
which is dated 3-28-91 that will discuss parole eligibility and other
issues and appears there have been some decisions and the computations
were prepared by the DC Department of Corrections. It also points out
that the Two Thirds Date on above relates only to the six year federal
regular adult sentence.

## I.  PRESENT OFFENSE:

(a)  Prisoner was convicted by plea in the District of Columbia Superior
Court on Docket No. F-6422-83 of Uttering and Forgery. Subject received a
two to six year sentence.

DC Superior Court convicted of the Bail Reform Act and received a sentence
of 4 months - 1 year to be served consecutive.

Western District of North Carolina Case No. CR-88-167-01 convicted of Bank
Fraud and Causing an Act To Be Done. Received a federal term 6 years.
All above are consecutive to each other with total sentence then of the
thirteen years overall.

(b)  Offense behaviors involve the following: Please note the offenses
will be discussed as they occurred:

1.  DC Superior Court Case F-6422-83. On 11-3-83 when a Superior
Court Bench Warrant was being executed a brown wallet containing a DC
drivers permit in the name of Lawrenzol Curry was found. It bore the
photograph of a black male. There were numerous credit cards in the same
name, credit card receipts for purchases made using the cards, driver's
permit was a forgery. Also above subject, during the execution of
search warrant, was found and it his picture that was on the forged
driver's permit. Also seized during the execution of the warrant was a
photograph identification card manufacturing devise of the type used to
manufacture the forged drivers license. The Assistant U. S. Attorney says
that the above subject was responsible for forgery of numerous credit
cards, drivers licenses, bank loans and other documents that would allow
access to financial gains. The AUSA said that the remaining counts in
this charge were to be dismissed on the date of the sentencing.



JACKSON, Ainsworth Charles   19728-101
PREHEARING ASSESSMENT
Page 2


DC Superior Court Case F-6612-88.  The charge was that on or about September 30, 1986, in District of Columbia the above subject under the name of George Jackson, who had been released under the provisions of appeal or pending disposition in Case # F-6422-83, failed to appear as required.  Subjects response in the charge and his version was he forgot to appear in court on September 30, 1986.

Federal Case out of the Western District of North Carolina Docket # C CR 88-167-01.  Subject convicted of Bank Fraud and Causing An Act To Be Done. The official version of the offense indicated that from a time in June of 1987 through sometime in July of 1987 in North Carolina subject was involved in a scheme to defraud federally insured banks.  Subjects scheme included entering banks, opening a Corporate Account at the First National Bank, Depositing checks on bad checking accounts with insufficient funds.  He fraudulently obtained two First Union National Bank Official checks totaling $16,167.59.  In addition, during the same time frame and using the same scheme he opened a Corporate Checking Account with N. C. N. Bank of Charlotte, North Carolina, using an alias. He deposited almost $47,000 in invalid and bogus checks.  He then purchased an Official Check in the amount of $9,765.75.  He took that official check and purchased $9,100.00 in American Express Travelers Checks with the balance in cash from a Savings and Loan.

Information indicated that in order to accomplish this scheme he presented fictitious corporate resolutions to bank officials at each institution. Information also states that beginning July 21, 1987 he started making deposits into each Corporate Account using official checks, checks drawn on other open accounts and worthless checks drawn on additional fictitious accounts opened at banks in Tennessee and South Carolina.  As a result of the fraudulent scheme subject passed worthless checks totaling about $118,326.69.  That's a conservative estimate.

The summary them indicates that bottom line in the charges for which subject was convicted was that the First National Bank and NCNB Bank suffered losses of $17,754.91 and $39,191.18.  Total loss is approximately $51,144.

Guideline Information For The Federal Offense.  It should be noted that according to our policies and procedures calls for determining guidelines in a decision on the Federal Case and then application guidelines on the DC case.

(c)  The severity category in the federal case is established at category four because it involved Fraud in the Amount of from $40,000 to $200,000.

II.  **SFS**:

A=0  Subject has 5 or more prior convictions:

    1.  7-19-71 Forgery and Uttering. - Two years suspended and two year probation.

JACKSON, Ainsworth Charles   19728-101
PREHEARING ASSESSMENT
Page 3

2.  9-15-72 Unauthorized use of Motor Vehicle - Convicted under YCA.

3.  9-11-73 Possession of Stolen Mail and Forgery and Uttering.
    60 days plus 6 years YCA paroled 11-21-74.

4.  3-22-74 Possession of Stolen Property and Uttering U.S.
    Treasury Check in Superior Court, Washington, DC - 4 to 6 years
    indeterminate YCA sentence paroled 11-21-74 with above.

5.  7-25-75 Uttering and Forgery, False Pretenses.  Consolidated for
    judgments - Sentence total 5-15 years.  Parole 3-1-83 with an
    expiration date of 1-3-93.  Reportedly subject to parole
    violator warrant executed 6-9-88 with a revocation hearing
    pending.  We have no other information on the revocation.

6.  4-20-85 Grand Larceny Bad Checks.  2 years prison released by
    appeal bond 8-16-86.  Bond revoked 10-2-86 and bench warrant
    remains outstanding.

7.  7-16-84 Grand Larceny and Petty Larceny in Arlington, Virginia.
    Subject sentenced 4 years each count to run consecutive and 12
    months to run consecutive with count 1.  His total sentence
    out of Arlington then was 13 years.  Subject released by an
    appeal bond 6-16-86 and absconded.  Bond revoked 10-2-86 and
    warrant outstanding.

8.  5-26-88 Assault on U. S. Officer.  Greenville, South Carolina.
    Sentenced 5 months and 18 days given credit for time served.  No
    other information on that offense.

9.  Also note there is a date 11-9-88 Forgery and Uttering out of
    Superior Court DC with a sentencing  scheduled for 4-14-89.

Also should be pointed out that the Presentence Investigation from the
federal case states that there were several pending cases.

B=0  Subject has 3 prior commitments of more than 30 days that were
imposed prior  the last  act of the current offense. (It should be noted
that the last sentence which he did not serve from the early 80's was
counted because he had been sentenced, released by appeal bond and had
failed to appear thus he avoided serves of the sentence illegally and the
commitment was counted).

C=2  Subject was 35  years old at the commencement of the current offense,
and does not have 5 or more prior commitments.

D=0  Subject was last released from a countable commitment less than 3
years prior to the current offense.  Date of last release: appears to
have been 6-16-86 based on his having been convicted, sentenced and
released on appeal bond and he failed to appear.

JACKSON, Ainsworth Charles
PREHEARING ASSESSMENT
Page 4


E=0  Subject is a parole status violator.

F=1 Subject has no history of Opiate dependence.

**Total Score:**  3

III.  The guideline range is **34 to 44** months.

DC Superior Court Addressing Case.

Please note the worksheet for determining when to commence application of DC guidelines on a mixed US/DC Code sentence indicates that one first of all approaches a DC sentence block which is item four, that has been done. You then address the minimum time which is 28 months.  With subjects salient factor score of 3.  The highest guideline range would be 24 to 32 months which is a category three severity.  One then takes that guideline spread from item five and considers it as multiple separate offense and you still find you have 34 to 44 months because we do not raise a category four with one additional category three.

In item seven the difference then is zero months.

In prereview it was considered appropriate to make a determination that one might think of continuing to expiration on the federal term which equals four months above the top of the 34 to 44 months guidelines.  Then 48 months represents two-thirds on this federal sentence.  A person then takes a look at the projected Two-Thirds Date and the Parole Eligibility Date.  Information indicates to set the Initial Hearing four months prior to what might be a projected release date on the federal term in this case that would be August of 1993.

IV.  <u>OTHER SIGNIFICANT PRIOR RECORD/STABILITY FACTORS:</u>

Subject appears to be a career criminal in relation to Forgery, Uttering, Grand Larceny, and in addition has been involved in failing to appear on multiple occasions.

V.  <u>CODEFENDANTS:</u>

Kathryn Jackson sentence unknown.

VI.  <u>FORM USA-792, AO-235, AO-337:</u>

none.

JACKSON, Ainsworth Charles   19728-101
PREHEARING ASSESSMENT
Page 5

VII.  **INSTITUTION ADJUSTMENT** RELEASE PLANS:  is a progress report of March 26, 1991, which indicates the subject has detainer appending charges for Forgery, Theft, Forgery all out of Montgomery County, Rockville, Maryland area.

Subject has had no incident reports.

WORK ASSIGNMENT AND PROGRAMMING:  Subject has been assigned to the Food Service Department.  He has only recently been working in that area.

Subject completed the ABE.

SUBMITTING FINANCIAL RESPONSIBILITY:  Subjects attitude has been good and said he will participate in the FRP Program.

SUBMITTING RELEASE PLANS:  Subject plans to relocate to Los Angeles, California where he will reside with his wife and children and he said he would like to pursue work in the graphic arts field.


VIII.   PAROLE ON THE RECORD.

no


**************************************************************************
NO INFORMATION REGARDING THIS PRISONER SHALL BE DISCUSSED WITH ANYONE OTHER THAN AUTHORIZED REPRESENTATIVES OF THE DEPARTMENT OF JUSTICE.

I hereby certify the foregoing to be a true and correct transcript.

signed _Candace K. Gower_____   date _____

8-5-91

# INITIAL HEARING SUMMARY

Institution:  **Oxford**
              **Federal Parole & D.C. Case**

Name: **JACKSON, Ainsworth Charles**  Severity category:  **Four**    SFS:  **3**
Reg. No.: **19728-101**                 Guidelines:  **34-44**  months
Recommended release:  **CTE**       after service of **48**   months
Panel:  **Mills/Muller**            Hearing date:  **7-15-91**
For recommendations and procedures on the DC portion of the sentence,
please see the prehearing assessment dated 6-21-91 by Examiner Mills.

cassette# NCRO 72373
******************************************************************************

I.  DC portion of the Offense:  It is recommended that subject receive an
initial parole hearing related to his DC sentence in July 1993.

The Panel has discussed with the prisoner his severity rating, SFS, and
guidelines in relation to his federal sentence.   The prisoner contests
all portions of the guideline range.  He said that he was only involved
with about $21,000 in offense behavior.  He states that the presentence
investigation is in error.  He referred us to a modification of the
presentence investigation, however, could not provide same and there is no
such information in the file materials.  We advised the inmate that we
were using the specific details and information in the presentence
investigation on page 1, paragraph 5 and the top of page 2 related to
Victim Impact Statement.   Clearly that information indicates that the
overall victim impact and losses suffered by the victims was approximately
$51,000.   Thus the severity category Four is still in place.

In relation to the SFS, the inmate states that many of his convictions
that are identified in the presentence investigation are same offenses and
that they were placed together.   The Panel then went through the
presentence investigation with the inmate and issues brought by the inmate
were not tenable.   The Panel noted that in one instance, subject was
charged with and convicted in Philadelphia, PA in March of 1973, was
convicted, received a YCA sentence, later in March of 1974 was charged
with and convicted in Superior Court in Washington, DC, received a YCA
sentence.  The inmate thought that those were both the same offense and we
pointed out to him that they were not only different dates but different
jurisdictions, although the sentences may have been served together.   We
further reviewed on down and found that the presentence investigation was
supportable and thus we found him with a SFS of 3.

The inmate advised that he was not on parole at the time of this offense
behavior from Washington, DC or any other jurisdiction.  We could not
find this tenable either inasmuch as his presentence investigation
indicates that he had been paroled in March of 1983 and that his sentence
was to expire in 1993 and that he had a parole violation which was
executed June 9, 1988 with a revocation hearing pending.  We found no
record of the disposition of that pending hearing.  Nevertheless the Panel
proceeded today using the defined policies and procedures for complex
cases, (meaning inmate serving both DC Superior Court Sentence and Federal
Court sentences).

During the course of today's hearing, the Panel advised the inmate that we

EXHIBIT
3

JACKSON, Ainsworth C.    19728-101
Initial Hearing Summary
Page 2

were maintaining his federal portion of the offense guidelines at 34-44 months.

We also advised the inmate of the policies and procedures of such complex cases and the existence and application of addressing such cases utilizing the work sheet for determining when to commence application of DC guidelines on mixed US/DC Code sentences. We went through the items one by one with the inmate and he advised that he understood the issues.

## II. MODIFICATIONS TO PHA:

None.

## III. INSTITUTIONAL FACTORS:

(A)  Discipline:  None.

(B)  Program Achievement:  The inmate advised that while serving time in Lorton he completed a 2 year graphic arts program related to the printing trades.  He said that here at the institution in Oxford, he has been doing well and is working in food service.

## IV. FINES/RESTITUTION:

None.

## V. RELEASE PLANS:

Subject plans to relocate in Los Angeles, CA where he would reside with wife and children and said he would like to pursue work in the graphic arts field.

## VI. REPRESENTATIVE:

Waived.

## VII. EVALUATION:

The Panel notes that above subject is a repeat offender in relation to fraud and forgery.  His presentence investigation indicates that he has convictions for forgery, fraud and uttering on at least 5 prior convictions.  He was charged in July of 1984 with grand larceny and petty larceny and released on appeal bond and then absconded then went to North Carolina and committed the current offense behavior.  The Panel felt this was justification for a decision above the top of the guidelines.  We note that he can serve as much as 48 months to his two thirds date on his federal portion of the offense which is 6 years.  Thus the Panel is recommending continue to expiration at that time.

In applying the work sheet on complex cases, it was determined that his minimum term will be satisfied November 1, 1993 on his DC sentence and

JACKSON, Ainsworth C.    19728-101
Initial Hearing Summary
Page 3

thus he should be scheduled for an initial on the DC sentence 4 months prior to that time. The Panel is recommending then that he be continued to expiration on his federal term and have his initial parole hearing on the balance or 7 year term of the DC sentence.

We further advised him of the policies and procedures related to DC on that initial hearing.

We advised the inmate of continue to expiration and his initial hearing in July 1993. It is our opinion that he should have a statutory interim hearing on the 6 year sentence at that time.

There is no justification for an earlier decision regardless of his superior program achievement. There is no identified misconduct during his term in custody.

VIII.  **RECOMMENDATION:**

1.  On the federal portion of the term, continue to expiration.

2.  Continue to an initial parole hearing on the D.C. sentence July 1993.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**NO INFORMATION REGARDING THIS PRISONER SHALL BE DISCUSSED WITH ANYONE OTHER THAN AUTHORIZED REPRESENTATIVES OF THE DEPARTMENT OF JUSTICE.**

I hereby certify the foregoing to be a true and correct transcript.

signed  _____     date __7-22-91_____:clw

WORKSHEET FOR DETERMINING WHEN TO COMENCE APPLICATION OF D.C.
GUIDELINES ON A MIXED U.S./D.C. CODE SENTENCE

Inmate's Name: Jackson Ainsworth Date: 6/21/91

Reg. No.: 19728 - 101    Institution: Oxford.

Note:  Use this worksheet after the federal date has been
established in accordance with Commission procedures.

[Federal Sentence Block]

    1.    Your federal sentence block is 72 months.  The
hypothetical statutory release/two-thirds date is after 48
months.

    2.    Your basic federal guideline range has been established
at 34 to 44 months.

    3.    Your federal time has been set at 48 months.  This
time will be satisfied on 12 - 18 - _____, 1993 (your
federal date).*

[D.C. Sentence Block]

    4.    Your D.C. sentence block is 28 to 84 months.

    5.    Your D.C. minimum time is therefore 28 months.  The
highest guideline range for a prisoner (with your salient factor
score) that would be satisfied by service of your D.C. minimum
time is 24 to 32 months.

[Decision on Commencement of D.C. Time and When D.C. Guidelines
Should be Used.]

    6.    Accordingly, your D.C. equivalent offense severity
rating is Category three.  Applying the Multiple Separate

_____

    *  This decision will have been made by reference to the
aggregate, not the basic, federal guideline range if there are
escapes, rescission behavior, etc., that resulted in additional
guideline ranges added to the basic federal guideline range.
These additional behaviors are accounted for in setting the
federal date; they are not considered in this determination.

Offenses Table to your basic federal offense (or to each of your basic federal offenses if there were multiple separate federal offenses), combined with your D.C. equivalent offense severity rating, the resulting guideline range is __34__ to __44__ months.

7.    The difference between the minimum of the above guideline range and the minimum of your basic federal guideline range is __0__ months.  [Enter zero if, under the Multiple Separate Offenses Table, the basic federal guideline range would not be increased by the addition of the D.C. equivalent offense severity rating.]

8.    Adding this difference to your federal time requires you to serve a total of __0__ months before application of the D.C. guidelines.  [Add the result in no. 7 to no. 3.]  This period of time will be satisfied on __11-1-1993_____, 19____.

11-1-93

9.    Schedule a D.C. guideline hearing for _____, 19____.  The instructions for setting this hearing date are as follows:

A.    Set a hearing date four months in advance of the federal date in no. 3 if there is no increase in the guideline ranges and the prisoner is eligible for parole on the aggregate sentence.  [Parole will not be granted for a date prior to the federal date, unless the Superior Program Achievement criteria at 28 C.F.R. § 2.60 are satisfied.]

B.    Set a hearing date four months before the date entered in no. 8, if that date is beyond the federal date and the prisoner is eligible for parole on the aggregate sentence.  [Parole will not be granted for a date prior to the date entered in no. 8, because of minimum accountability for the D.C. offense(s).]

C.    Set a hearing date four months before eligibility on the aggregate sentence if the prisoner is not eligible for parole until after the federal time and any additional time for the D.C. offense(s) has expired.  [Parole will not be granted for a date before eligibility.]


ATTACH THIS WORKSHEET TO THE NOTICE OF ACTION, AFTER MAKING ANY CORRECTIONS FOUND NECESSARY AFTER COMPLETION OF THE INITIAL PAROLE HEARING.

**U.S. Department of Justice**
United States Parole Commission
Chevy Chase, MD 20815

## Notice of Action

| | |
|---|---|
| Name | JACKSON, Ainsworth Charles |
| Register Number | 19728-101 |

Institution    Oxford

In the case of the above-named parole action was ordered:

ntinue to expiration on the Federal sentence.

ntinue to an initial parole hearing on the D.C. sentence July 1993.

## ASONS:

ur offense behavior has been rated as Category Four severity because it volved fraud of between $40,000 and $200,000. Your salient factor score is (See below.) You have been in Federal confinement as a result of your havior for a total of 20 months. Guidelines established by the Commission ich consider the above factors indicate a guideline range of 34-44 months to served before release for cases with good institutional adjustment and ogram achievement. After review of all relevant factors and information esented, a decision above the guidelines appears warranted because you are a orer risk than indicated by your salient factor score, in that you have 4 ior convictions for forgery, bad checks, uttering and larceny. You were on nd from a fraud-type offense at the time of the Federal offense, also a aud-type offense.

s required by law, you have also been scheduled for a statutory interim earing during July 1993.

ne above parole decision was made strictly on the basis of your Federal rimes and sentences. After the application of the District of Columbia arole guidelines commences, you will be given an initial hearing for onsideration of your District of Columbia crimes 4 months before completion f the minimum time contemplated by those guidelines. At that time, the U.S. arole Commission will determine, pursuant to the District of Columbia parole uidelines, whether you should be released to the community.

ALIENT FACTOR SCORE (SFS-81): Your salient factor score items have been omputed as shown below. For an explanation of the salient factor score tems, see the reverse side of this form.

TEM A[ 0 ]; B[ 0 ]; C[ 2 ] ( ); D[ 0 ]; E[ 0 ]; F[ 1 ]; Total[ 3 ]

If five or more prior commitments, place an 'x' in the parenthesis in Item C.

**Appeals Procedure:**
_____ The above decision is appealable to the National Appeals Board under 28 C.F.R. 2.26;
_____ The above is an original jurisdiction decision, and is appealable to the Commission under 28 C.F.R. 2.27;
_____ THE ABOVE DECISION IS NOT APPEALABLE.
The Federal decision is appealable.  The D.C. decision is not appealable.

| August 30, 1991 | | X | paw |
|---|---|---|---|
| (Date of Notice) | (Region) | (National Commissioners) | (Docket Clerk) |

( ) Inmate    ( ) Institution    ( ) Admin. Systems Manager    ( ) U.S. Probation Office    ( ) Commission    ( ) FOIA

EXHIBIT
4

Parole Form H-7(a)
May 87

.S. Department of Justice                              **Appeal**

nited States Parole Commission

hevy Chase, Md 20815

Name _____ Ainsworth C. Jackson _____

Register ___ 19728-101 _____ Institution ___ F.C.I. Oxford ___

received a Notice of Action sent ___ August 30, 1991 _____ and hereby appeal that decision:
                                          *(Date)*

APPEAL FORWARDED TO NAB

DATE: _Oct 18, 1991_

OCT 2 1 1991
U.S. Parole Commission

BY: ___ NCRO/___

**NATIONAL OR ORIGINAL**          I appeal to the *National Appeals Board — (Full Commission on O.J. cases)* to
**JURISDICTION APPEAL** 10-9-91   review and reverse or modify the decision.

_____ CC              _____ Ainsworth Jackson ___        10-9-91
*(Witness Signature)*                    *(Signature)*                         *(Date)*

**INSTRUCTIONS:**        All Appeals are decided on the basis of the written record. Appeals may be based on the follow-
ing grounds. Check one or more of the grounds that are applicable to your case. Explain your basis
for appeal on a separate sheet of paper. Use headings so that the Commission can see which of your grounds you are
discussing. Address one point at a time.

**MAILING INSTRUCTIONS:**
**NOTE:**    Appeals *(National and Original Jurisdiction)* must be mailed to the appropriate regional office within 30 days
             from the date on the Notice of Action.

(1) [ **XX** ] The guidelines were incorrectly applied in my case as to any or all of the following:

   (A) [ **XX** ] Offense severity rating;
   (B) [    ] Salient factor score item(s) _____ ;
   (C) [    ] Time in custody.

(2) [ **X** ] A decision outside the guidelines was not supported by the reasons or the facts as stated in the Notice of Action;

(3) [ **X** ] Especially mitigation circumstances justify a different decision;

(4) [ **X** ] The decision was based on erroneous information and the actual facts justify a different decision;

(5) [ **X** ] The commission did not follow correct procedure in deciding my case, and a different decision would have
             resulted if the error had not occurred;

(6) [ **X** ] There was significant information in existence but not known at the time of the hearing;

(7) [ **X** ] There are compelling reasons why a more lenient decision should be rendered on grounds of compassion.

(Attach explanation on a separate sheet of paper)

Original — Appropriate Regional Office of the Commission                     PAROLE FORM I-22
Canary — Institution; Pink — Inmate                                          Oct 1985

EXHIBIT
5

## BRIEF IN SUPPORT OF PAROLE APPEAL

I am appealing this decision on the grounds that the Parole Commission has incorrectly credited me with time in custody. At the time of my initial Parole Hearing, my sentence computation had not been completed and no jail-time credits or Institutional Good Times had been credited to my sentence. A review of my computation sheet at present shows some jail-time credits awarded but no Institutional Good Time, and the Record Office here at F.C.I. Oxford is still computing this time, once this time is computed, my two-thirds date will be decreased from the 12-18-93 date.

Further, I am appealing the decision of the Parole Commission's decision not to see me on the D.C. Sentence until July of 1993. My reasons for this appeal is that both my federal sentence and my D.C. Sentence are running together, and therefore, I could have been reviewed on this sentence as well as the federal sentence. For verification, please review my sentence computation sheet, which shows that both sentences began on 12-19-89.

I am also stating that I should have been given credit for "Superior Program Achievement." While I was incarcerated at the Central Facility, Lorton, Va., ( I was doing my federal sentence in a D.C. Department of Corrections Facility), I completed Street Law, Advanced Street Law, and completed the University of the District of Columbia, Graphic Arts Program, this was one hundred-forty (140) hours college credits. None of this information was known or considered at my initial parole hearing. After completing the "Graphic Arts Program" I was appointed "Student Aid" to Mrs. Barbar Russell, Graphic Arts Instructor until I was transferred to F.C.I. Oxford, all of this information can be verified.

U.S. Department of Justice

United States Parole Commission

Chevy Chase, MD 20815

# NOTICE OF ACTION ON APPEAL

---

NAME          JACKSON, Ainsworth C.

REGISTER NUMBER          19728-101          INSTITUTION          FCI, Oxford

NATIONAL APPEALS BOARD/FULL COMMISSION: *The appeal by the above-named has been carefully examined by the National Appeals Board/Full Commission and the following has been ordered:*

Affirmation of the previous decision.

**REASONS:**

In response to your claim that you have not been given proper credit for time in custody, you present no verification that the sentence computation data on your BP-5 is in error. The Bureau of Prisons records office staff is responsible for preparing your sentence computation. If you dispute your sentence computation, you should address the problem with the records office which will determine the validity of your claim and notify the U.S. Parole Commission of any modification to your BP-5. The decision to continue you to expiration on your federal term would not be effected by any change in jail time credit.

In response to your claim that the Commission did not follow correct procedures in deciding your case, the record indicates the contrary. You will be seen on your DC portion of your sentence 4 months prior to the parole eligibility date.

Your institutional behavior and achievements have been considered by the Commission as it relates to your federal term but are not deemed sufficient to warrant a more lenient decision.

---

*All decisions by the National Appeals Board/Full Commission on appeal are final.*

EXHIBIT
6

| December 13, 1991 | X | | 1c |
|---|---|---|---|
| *(Date of Notice)* | *(National Appeals Board)* | *(Full Commission)* | *(Docket Clerk)* |

( ) Inmate          ( ) Institution          ( ) U.S. Probation Officer          ( ✓ ) Commission          ( ) FOIA

PAROLE FORM 29
JUL. 85

7-18-94

**REVIEW SUMMARY**

**NAME:** JACKSON, Ainsworth Charles
**REG. NO.:** 19728-101
**INSTITUTION:** Ashland
**DATE:** 6-27-94

**HEARING TYPE:** Rehearing - DC Sentence
**2/3 or STAT MR DATE:** MR:    8-30-98
(whichever comes first)
**FULL-TERM DATE:** 10-7-2002
**PANEL:** Wagner/Lepchenske

Cassette No. NCRO 90090

**********************************************************************

### I.  PREVIOUS COMMISSION ACTION:

The panel reviewed with the prisoner his previous Notices of Action.  the
prisoner was asked whether he had any new information to contribute and he
stated that he did not.

### II.  CODEFENDANTS:

See prehearing assessment.

### III.  INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

The panel reviewed with the prisoner his progress report of 4-29-94.  The
progress report indicates that the prisoner was transferred to Ashland in
November 1993 as a lesser security transfer.  The prisoner is currently
working in food service and he received satisfactory work evaluations.
Previously, while in Oxford, the prisoner received outstanding work
evaluations for his performance in food service.  The prisoner has
completed the ABE program and also some additional courses.  The prisoner
stated that before he entered federal custody and while in DC custody, he
took a considerable amount of college level courses.

The prisoner has maintained a clear conduct record.

Upon release, he intends to live with his mother in Mt. Ranier, Maryland.
The prisoner hopes to return to school and complete a four year degree.

### IV.  FINES/RESTITUTION/COURT ASSESSMENT:

The prisoner has paid his financial obligation.

### V.  REPRESENTATIVE:

None.

### VI.  EVALUATION:

The prisoner has completed the federal portion of his overall sentence.  On
the DC aspects of the prisoner's sentence, he enters the hearing room with
a total of 3 points.  The panel will recommend that the prisoner receive
one less point because he has maintained adequate program achievement to
warrant a reduction from his earlier point score.  Additionally, the

EXHIBIT
7

JACKSON, Ainsworth    19728-101
DC Review Hearing Summary
Page 2


prisoner has not committed any major institutional infractions since his
last parole consideration.  This would give the prisoner a total point
score of two.

A score of less than three normally warrants parole under the DC system.
The present panel cannot find any reason for not recommending the
prisoner's parole.  The panel will recommend a date in 60 days with a
requirement that the prisoner enter a halfway house for up to 120 days.
The panel is recommending the halfway house placement because of the
prisoner's long prior record and the fact that he has been in custody for
such a long period of time on the current sentence.  Additionally, the
prisoner states that he intends to return to college when he is released,
but apparently he does not have the financial resources in order to pay for
it.  Based on consideration of all of these factors, the panel believes
that it is appropriate for the prisoner to be required to reside in a
halfway house so that his early time in the community can be carefully
monitored.

The panel also reviewed the prisoner's background to see if there was a
need for any drug or alcohol aftercare conditions.  There does not seem to
be a need.

**VII.  RECOMMENDATION:**

Parole effective August 27, 1994 with a special condition requiring the
prisoner to reside in and participate in a CTC for up to 120 days.

**VIII.  REASONS:**    See DC grid worksheet.

WRW:clw/7-13-94

**US Department of Justice**
United States Parole Commission
Chevy Chase, Maryland 20815

**Notice of Action**

---

Name: JACKSON, Ainsworth

Register Number: 19728-101                    Institution: Ashland

---

In the case of the above-named parole action was ordered:

Parole effective August 27, 1994, with a special condition requiring you to reside and participate in a CTC for up to 120 days.

---

**Appeals Procedure:**
THE ABOVE DECISION IS NOT APPEALABLE.

August 3, 1994                    National Commissioners                    Docket Clerk: lcg

* * Commission Copy * *                                                     D.C. Administrative Review

EXHIBIT
8

Page 1 of 1

# U.S. Department of Justice
# United States Parole Commission

### Chevy Chase, Maryland 20815

#### NORTH CENTRAL REGION



## Certificate of Parole

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that

**JACKSON, AINSWORTH CHARLES** _____ , Register No. **19728-101** _____ , a prisoner in the **FEDERAL CORRECTIONAL INSTITUTION ASHLAND, KY** _____ is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on

**AUGUST 27th** _____ , 19 **94** _____ ; and that said prisoner is to remain within the

limits of **DISTRICT OF COLUMBIA** _____ until **DECEMBER 7th** _____ , ×× **2002** ;

Given under the hands and the seal of the United States Parole Commission this **11th** _____ day

of **AUGUST** _____ , nineteen hundred and **NINETY FOUR**

UNITED STATES PAROLE COMMISSION.

By _____

**CAROL WILSON MULLER, SR. CASE ANALYST, NCRO**

Initial Risk Category **D.C. GUIDELINES = 2** _____

Advisor _____

Probation Officer **EUGENE WESLEY, JR., CHIEF** _____

**mjw**

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_Ainsworth Charles Jackson_

Ainsworth Charles Jackson _____ | 19728-101
(Name) | (Register Number)

WITNESSED Darrell R. Legg

E Unit Case Manager _____ | 08-24-94
(Title) | (Date)

UNITED STATES PAROLE COMMISSION

The above-named person was released on the _____ 26th _____ , day of _____ August _____ , 19 _94_ (+ 1 PL day)

with a total of _3,024_ days remaining to be served.

_____
Dan L. Dove, Warden
(Chief Executive Officer)

EXHIBIT 9

PAROLE FORM H-8
JAN 90

S COMMISSION COPY

| | | | |
|---|---|---|---|
| Case Of...................... | **JACKSON, Ainsworth Charles** | FBI No.................................... | **579742H** |
| Reg. No...................... | **19728-101** | Birth Date.............................. | **5-13-52** |
| Issuing Region............ | **Eastern Region** | Race..................................... | **Black** |
| Date........................... | **September 8, 1995** | Parole Termination Date........ | **12-7-2002** |
| District From............. | **Western District of North Carolina and DC Superior Court** | Violation Date........................ | **8-16-95** |
| District To.................. | **District of Columbia** | Released................................ | **August 26, 1994** |
| Transferred To........... | | Sentence Length.................... | **13 years (Aggregate);** |
| Original Offense........ | **Bank Fraud and Causing an Act to Be Done; Bail Reform Act - DC Code Violation; Uttering (2 Counts) and Forgery;** | | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. **Exception:** for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

**Charge No. 1a - Bank Fraud.**
       **1b - Assault on a Police Officer(s).**
On or about 8-16-95, subject was arrested by the Federal Bureau of Investigation for the above-cited offense(s) which occurred on or about 8-15-95 and 8-16-95. On 8-1-95, subject opened an account in the name of Columbia First Mortgage Association at Signet Bank in Bethesda, MD. On 8-15-95, subject deposited a worthless check in the amount of $300,000 into the account. On 8-16-95, subject withdrew $188,000 against the worthless account. Subject resisted arrest by fighting the arresting officers. Information contained in the Washington, D.C. Metropolitan Police Department Arrest/Prosecution report and affidavit by Special Agent Christopher Kirwan. This charge is based on information contained in the letter dated 8-28-95 from USPO Corbett.
I ADMIT [   ] or DENY [   ] this charge.

**Preliminary Interview Is Required**

Warrant Request Received..... 9-1-95
Warrant Issued...................... **September 8, 1995**
District Sent To..................... **District of Columbia**

Warrant Recommended By:

_Timothy P. Tobin_

**Timothy P. Tobin, Acting Case Analyst**
**Eastern Regional Office, U.S. Parole Commission**

( ) Commission     ( ) Inmate     ( ) Institution     ( ) USPO     ( ) Interviewing Officer     ( ) Chron

tpt

EXHIBIT
10

# WARRANT

**U.S. Department of Justice**
**United States Parole Commission**

---

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, JACKSON, Ainsworth Charles, Reg. No. 19728-101 was sentenced by the United States District Court for the Western District of North Carolina to serve a sentence of 13 years (Aggregate); for the crime of Bank Fraud and Causing an Act to Be Done; Bail Reform Act - DC Code Violation; Uttering (2 Counts) and Forgery; and was on August 26, 1994 released on parole from FCI Ashland, KY with 3,024 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on September 8, 1995.

_____
U.S. Parole Commissioner
Eastern Region



EXHIBIT
11



# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA
### PROBATION OFFICE

**RICHARD A. HOUCK, JR.**
CHIEF UNITED STATES PROBATION OFFICER

SUITE 2800
UNITED STATES COURTHOUSE
WASHINGTON, DC 20001-2866
TELEPHONE (202) 273-0233

July 8, 1996



Mr. Timothy P. Tobin
Case Analyst
U.S. Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland    20815-7201

Re: JACKSON, Ainsworth
Reg. No. 19728-101

Dear Mr. Tobin:

On July 3, 1996, we received a letter requesting that we provide a copy of Mr. Jackson's Judgement and Commitment Order and Presentence report for his sentence of 57 months for Interstate Transportation of Securities Taken by Fraud. We are enclosing the above information for your review.

If additional information is needed for the dispositional review, please do not hesitate to contact the undersigned officer.

Sincerely,

Eugene E. Corbett, Jr.
U.S. Probation Officer

EXHIBIT
12

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

Case Number CR 95-256   **FILED**

AINSWORTH C. JACKSON
Defendant.

**MAY 1   1996**

Clerk, U.S. District Court
District of Columbia

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, AINSWORTH C. JACKSON, was represented by David Howard, Esquire.

On motion of the United States the court has dismissed the Original Indictment filed 10/10/95 and counts 2 and 3 of the Superseding Indictment filed 12/7/95..

The defendant pleaded guilty to count 1.
Accordingly, the defendant is adjudged guilty of such count, involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 18 USC 2314 | Interstate Transportation of Securities Taken by Fraud | Commenced 12/7/94 and concluded 8/16/95 | 1 |

As pronounced on April 30, 1996, the defendant is sentenced as provided in pages 2 through 4 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50, for count 1, which shall be paid during the period of incarceration.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the ___1st___ day of ___May___, 1996.

United States District Court
for the District of Columbia
A TRUE COPY

STANLEY S. HARRIS
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 5/13/52
Defendant's address: INCARCERATED

NANCY MAYER-WHITTINGTON, Clerk

By _____
        Deputy Clerk

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 4

Defendant:  AINSWORTH C. JACKSON
Case Number:  CR 95-256

### IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 57 months.

### RETURN

    I have executed this Judgment as follows:

_____    _____

_____

_____

      Defendant delivered on _____ to _____

at _____    _____, with a certified copy of this Judgment.

_____    _____
                   United States Marshal

By _____

                 Deputy Marshal

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet    Supervised Release

Defendant: AINSWORTH C. JACKSON
Case Number: CR 95-256

Judgment--Page 3 of 4

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of Three (3) years. Within 72 hours of release from the custody of the U.S.Bureau of Prisons, the defendant shall report, in person, to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall pay a special assessment of $50 and restitution in the amount of $2,000. Payments shall be due during the period of incarceration. Upon release, payment of any unpaid financial penalty shall be a condition of supervised release. The Probation Officer shall establish and may periodically modify the payment schedule. Restitution shall be paid to Signet Bank, 7 Saint Paul Street, Baltimore, Maryland, Attention: Daniel Bohrer.

2. The defendant shall submit to urinalysis testing within 15 days following release from imprisonment, and twice thereafter.

THE COURT FINDS that the defendant does not have the ability to pay a fine, the costs of supervision or incarceration and, therefore, waives these costs. The Court waives alternative sanctions in view of the restitution imposed.

### STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

O 245 S (Rev. 11/92)(D.C. rev.) Sheet 4 Statement of Reasons

Judgment--Page 4 of 4

Defendant:  AINSWORTH C. JACKSON
Case Number:  CR 95-256

### STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

OR

☒ The court adopts the factual findings and guideline application in the presentence report ~~except~~ as modified
(see attachment, if necessary): by the Probation Office's memorandum to the Court dated
April 19, 1996, except that defendant is given a two-level reduction for acceptance
of responsibility.

### Guideline Range Determined by the Court:

Total Offense Level:_____16_____

Criminal History Category:____VI_____

Imprisonment Range: __46_____ to __57_____ months

Supervised Release Range: _2____ to __3__ years

Fine Range: $ _7,500_____ to $ __75,000_____

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $___2,000_____

☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to
depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the
following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

**U.S. DEPARTMENT OF JUSTICE**                                    **SUPPLEMENT**
**UNITED STATES PAROLE COMMISSION**

Case Of:        Jackson, Ainsworth C.
Reg. No:        19728-101
FBI No:         579742H
Birth Date:     5/13/52
Race:           Black
Date:           July 12, 1996
Issuing Region: Eastern Region

**SUPPLEMENT TO WARRANT APPLICATION DATED September 8, 1995**

**CHARGES:**

**Charge No. 2 - Interstate Transportation of Securities Taken by Fraud, (Reference Charge #1a, Bank Fraud, on Warrant issured 9/8/95).** On or about 5/1/96, subject was convicted by guilty plea for the above-cited offense in U.S. District Court for the District of Columbia, and sentenced to 57 months imprisonment with 3 years supervised release. Information contained in Judgment #CR 95-256, dated 5/1/96. This charge is based on information contained in the letter dated 7/8/96 from USPO Corbett.
**I ADMIT [   ] or DENY [   ] this charge.**

**PRELIMINARY INTERVIEW IS NOT REQUIRED**

Warrant Issued:   **September 8, 1995**
District Sent To: **District of Columbia**

                         **Warrant Recommended By:**

                         *John W. Roncalio*

                         **John W. Roncalio, Case Analyst Detailee**
                         **U.S. Parole Commission,**

EXHIBIT
13

# WARRANT

## U.S. Department of Justice
### United States Parole Commission

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

WHEREAS, JACKSON, Ainsworth Charles, Reg. No. 19728-101 was sentenced by the United States District Court for the Western District of North Carolina to serve a sentence of 13 years (Aggregate); for the crime of Bank Fraud and Causing an Act to Be Done; Bail Reform Act - DC Code Violation; Uttering (2 Counts) and Forgery; and was on August 26, 1994 released on parole from FCI Ashland, KY with 3,024 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on September 8, 1995.

_____
U.S. Parole Commissioner
Eastern Region


EXHIBIT
14

☑ 003

WARRANT for return of Prisoner released to supervision or to Special Parole Term

Jackson, Ainsworth          1972B-101          FCI Allenwood
_____(Name)_____          _____(Number)_____          _____(Institution)_____

---

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if subject is being held in custody on other Federal, State, or Local charges, unless otherwise ordered by the Commission. (See accompanying instructions on Form H-24.)

M_____ District of ___PA___ ss:

Received this writ the ___30th___ day of ___May___, 19 96, and executed same by arresting the within-named _____

this ___6th___ day of ___OCTOBER___,

9 99_____, at ___FCI ALM.___ and committing him to ___FCI ALM.___
White Deer, PA 17887

Jake Mendez, Warden
_____(U.S. Marshal)

By ___M. Fink C/E___
_____(Deputy Marshal)

Further executed same by committing him to ___FCI ALM.___

t ___White Deer, PA___ on ___6 October___, 19 99, the institution

designated by the Attorney General, with the copy of the Warrant and warrant application.

Jake Mendez, Warden
_____(U.S. Marshal)

By ___M. Fink C/E___
_____(Deputy Marshal)

---

NOTE.—The original of this warrant is to be returned to U.S. Parole Comissioner of the parole region where it was issued.

I have received a copy of the warrant application dated _____

Signature _____

Date _____

If subject refuses to sign, Marshal sho    so indicate.)

# REVOCATION HEARING SUMMARY

**Name** . . . . . . . . . . : JACKSON, Ainsworth      **Supervision** . . . . . : Parole

**Reg** . . . . . . . . . . . : 19728-101      **Artuso** . . . . . . . . . : NO

**Examiner** . . . . . . . : Patricia L. Denton      **Artuso Years Remaining:**

**Warrant Executed**  : 10/6/99      **Months in Custody** : 52

**Preliminary Interview:** none      **Custody Type**  . . . : Federal

**Institution** . . . . . . : Oklahoma FTC      **Projected MR Date** : 4/17/2005

**2nd Designation**  . : Allenwood FPC      **Full Term Date**  . . : 1/17/2008

**Revoking District**  : District of Columbia      **Hearing Date** . . . . : 12/1/99

**Hearing Type** . . . . : Institutional

---

## I. Counsel And Witnesses:

Subject was not represented by counsel.

### Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:

None.

## II. Procedural Considerations:

The subject indicated that he disagreed with the use of the reparole guidelines and offense severity rating for this case. He stated that he was a DC Code violator and that the DC Code regulations for parole violations should be used in his case. He stated that by using the reparole guidelines, the Commission was violating its own policies that in cases where the violators were a DC Code offenders, the DC regulations would be used. It was explained to subject that for violators in federal custody that the Commission used the reparole guidelines and that there had been no policy set up to use DC regulations for parole violators in federal custody. He stated at the end of the hearing that he again objected to the use of the reparole guidelines and indicated that he had litigation pending on this issue.

He also disagreed with the number of days remaining to be served as outlined on the warrant. He stated that his sentences both federal and DC Code were running concurrently and that owed only an additional 2 years. After reviewing the material in the packet, it was explained to him that it appeared that the sentences were running consecutively. He was referred to the records office for clarification. It was also explained that the examiner would review the Commission file and the sentence computations prior to completion of this case to determine whether the sentences

were consecutive or concurrent. After reviewing the file, it appears that the sentences are running consecutively based on the sentence computations. The US Code Judgement indicates that the sentence imposed in that case should be consecutive to any other sentences subject is serving. The terms were aggregated by the BOP all sentence computation show that the sentences are running consecutive. There are no copies of the DC Judgement in the file. Based on the available information, it appears that the number of days remaining as listed on the warrant is correct.

## III. Instant Warrant Information:

.

## IV. Review of Charges:

Charge No. 1(B) - Assault on a Police Officer.

On or about 8/16/95 the subject was arrested by the Federal Bureau of Investigation for bank fraud which occurred on or about 8/15/95 and 8/16/95. On 8/1/95, the subject opened an account in the name of Columbia First Mortgage Association at Signet Bank in Bethesda, MD. On 8/15/95, subject deposited a worthless check in the amount of $300,000 into the account. On 8/16/95, subject withdrew $188,000 against the worthless account. Subject resisted arrest by fighting the arresting officers. Information contained in Washington, DC Metropolitan Police Department Arrest/Prosecution Report and affidavit by Special Agent Christopher Kirwan. This charge is based on information contained in a letter dated 8/28/95 from USPO Corbett.

The subject denied this charge. He did admit that he had been arrested and admitted committing the offense of bank fraud. However, he stated that when the officers came in they told him to stand up and that he was not free to go. He kept asking them if he was being put under arrest and they would never indicate to him that he was under arrest. They would not let him go and there was a struggle when they were putting on the handcuffs. He stated there was no fight and no officers were hurt.

Evidentiary Findings.

The examiner is making no finding on this charge. There is no information in the affidavit or arrest reports which indicates what type of assault occurred or if an assault occurred. The reports simply say that there was a violent struggle but do not detail whether subject struck officers, whether officers were hurt, or any other indication that the arresting officers were assaulted.

Charge No. 2 - Interstate Transportation of Securities Taken by Fraud (Reference Charge 1(A), Bank Fraud, on warrant issued 9/8/95).

On or about 5/1/96, subject was convicted by guilty plea for the above cited offense in the US District Court for the District of Columbia, and sentenced to 57 months in imprisonment with 3 years supervised release. Information contained in Judgement No. CR95-256, dated 5/1/96. This charge is based on information contained in the letter dated 7/8/96 from USPO Corbett.

The subject stated that the bank fraud was dismissed. He went to the bank, got cashiers check and went back to the bank after he could not get the checks cashed. He tried to get some foreign

urrency with the checks to send to Jamaica for his wife who had been deported. He stated that e committed offense to help his family, mother and wife. His wife had been deported to Jamaica nd was trying to get the funds to buy her a house there. She had no where to live. He stated e has completed his new law sentence and that the information provided in the Pre-sentence teport outlines what he did in the offense. He was never released on Bond and has been in ustody since 8/16/95.

Evidentiary Findings.

The examiner is making a finding on this charge based on subject's admission during the hearing hat he was involved in this offense and that the new Pre-sentence Report completed for the US District Court for the District of Columbia is accurate in its version of the offense and subject's conviction for this offense in federal court. The issue in this case then becomes the amount of loss or potential losses attributable to subject to compute the offense severity. The subject stated that he agreement with the government and the finding made by the court was that the loss amount was less than $300,000. However, it is the examiner's opinion that the loss amount should be considered in excess of $1,000,000 base on the number of checks subject deposited and the fact that these checks had fraudulent certification stamps which, depending upon the bank, could be given immediate credit in the deposited account. Subject deposited four checks totalling $1,900,000. Even though the argument could be made for double counting some of these moneys, each of these checks was independently written and had a certification stamp on the check. Those funds could be immediately accessible by subject. The initial two checks were written on the same account, one for $750,000 and one for $600,000 and subject did not funds to cover these checks. The first two checks were written on the same account, First Union Bank and deposited in other accounts. Even if the later activities of subject are not included and are considered double counting, it would be the examiner's opinion that the first two checks should be potential loss in that they were both separate checks, written on the same account for which funds were not available. The examiner is making the finding that this is a Category Six offense in that it involved the potential loss of over $1,000,000 but less than $5,000,000.

## V. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 2 - Interstate Transportation of Security Taken by Fraud, (Reference Charge No. 1(A), Bank Fraud on warrant issued 9/8/95).

Basis: Information contained in Judgement No. CR95-256 dated 5/1/96; letter dated 7/8/96 from USPO Corbett, Pre-sentence Report dated 3/29/96 from the US District Court for the District of Columbia; and your admission during the hearing.

## No Findings And Supporting Rational:

The Examiner makes no finding concerning the following charge(s): Charge No. 1 (B) - Assault on Police Officers.

Basis: Insufficient information.

## VI. Previous Commission Action:

JACKSON.197    Typist: PAH    Date Typed: December 8, 1999    Page 3 of 6

e Pre-hearing Assessment dated 11/5/99.

## II. Fines, Restitution, Other court Ordered Payments:

one.

## III. Parole Risk:

he subject is not a more serious risk.

## X. Community Resources And Issues:

he subject stated that he would return to his mother's home at 2600 Queens Chappel Road in [yatsville, MD. This has been previously been approved by the US Probation Office for his term f supervised release. He stated that he is self-employed in the Import/Export Business, doing usiness as American Import/Export. He stated that this employment has also been approved by ne US Probation Office. It should be noted that this employment was part of the accounts that e opened in the new criminal behavior.

## X. Salient Factor Score:

    0   - A. Prior Convictions/Adjudications (Adult or Juvenile)
    0   - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
    1   - C. Age at Current Offense/Prior Commitments
        **!!! Error with Bgn Delimiter !!!** (5 or more commitments)
    0   - D. Recent Commitment Free Period (Three Years)
    0   - E. Probation/Parole/Confinement/Escape Status Violator
    1   - F. Older Offenders
    2   - **Total Salient Factor Score**

## XI. Evaluation:

[he subject was initially serving a sentence for bank Fraud and causing an act to be done. He received 6 years on one count and 1 year on another count to be served consecutively to each other and consecutively to any other sentences that subject might be serving. After he received a 4 month to 1 year sentence for the Bail Reform Act to be served consecutively and a 2-6 year sentence for uttering and forgery also to be served consecutively. The last two sentences were received in the DC Superior Court and the first sentence was a federal sentence out of the District of Columbia. The aggregated term in this case was 13 years. He was released to parole supervision on 8/26/94. He began the new criminal conduct in approximately December 1994. He was in the community approximately 4 months before he became reinvolved in fraudulent behavior.

The behavior involved subject opening mail drop addresses for fraudulent businesses or corporations and also opening checking accounts at various banks for the businesses or corporations. He then deposited four separate checks written on these accounts with fraudulent certification stamps into other accounts. There was not enough money in the account on which the check was written to cover the amount of the check. In addition, depending upon the bank, the certification stamp would have allowed subject immediate access to these funds. Subject

objected to the amount of loss being used to compute the offense severity and stated that it was less than $300,000 and that this had been agreed to in the federal court. Based on the information available to the examiner this does appear that the court used a figure less than $300,000 to compute the guidelines in that case. However, that was also a part of the plea agreement and is not binding on the Parole Commission. After reviewing the available information, it is the examiner's opinion that this offense should be rated as Category Six with potential losses of 1.9 million. There were four checks deposited into accounts, three of these checks had certification stamps which would allow him immediate access to those funds. The examiner could not tell from the Pre-sentence Report whether the fourth check had a certification stamp or not. However, even without use of the fourth check, the losses would be over one million dollars which is the threshold for a Category Six. Although subject did not access all of these funds, the potential was there with the certification stamps and the immediate credit for this to have been the loss to the banks.

Subject has been in custody since his arrest on 8/16/95, 52 months at the time of the hearing. He has completed his new law sentence and he has a term of 3 years supervised release to begin upon completion of the parole violator term. The subject indicated at the time of the hearing that he did not owe in excess of 3000 days on the parole violator term. He stated that the federal and the DC sentences were to have run concurrently and therefore he feels he would only owe 24 months. It was explained to him that the information available at the hearing showed that the sentences were consecutive but that the examiner would review this upon return to the office and checking his Commission file. Upon a review of the file, there is only one Judgement which is from the US District Court for the District of Columbia. This Judgement indicates that there were two counts each count was to run consecutive to each other and to any other sentence that subject might be serving. Therefore, the federal sentence would have been consecutive to the DC sentence which would have given him an aggregated term of approximately 13 years. This issue has been addressed with him previously by the case analyst prior to the hearing. In addition, subject strenuously objected to the use of the reparole guidelines as opposed to the DC policies for revocation. It was explained to him that the Commission would be using the reparole guidelines since he was in federal custody and the Commission was doing the Revocation Hearing. He did indicate that he had litigation pending.

This is subject's first revocation on this sentence. However, the examiner is recommending a decision at the top of the guideline range because subject is a poor risk. Subject has a serious history of larceny and theft offenses dating back to 1971. He has a history of forgery and uttering and fraud offenses. He has eleven previous convictions which either involve fraud, larceny, or forgery. He was in the community less than 6 months before he became involved in new criminal behavior. He had been released to parole with the offense of conviction being two counts of bank fraud. The subject has developed a pattern of fraud offenses which does make him a poorer risk to the community. If continued to mandatory release on this sentence he would serve approximately 116 months.

The examiner is recommending the top of the guideline range at 100 months. The examiner is also recommending that subject's street time be forfeited because he has a new conviction.

## XII. Recommendation:

Revoke Parole. All of the time spent on Parole shall be credited. Continue to a presumptive parole after the service of 100 months on 12/16/2003.

**XIII. Reasons:**

Your Parole violation behavior has been rated as Category Six severity because it involved criminal violations, specifically: 2, It involved attempted fraud with potential losses of at least $1,000,000 but less than $5,000,000. Your new salient factor score is 2. As of 12/1/99, you have been in Federal custody for 52 months. Guidelines established by the Commission indicate a customary range of 78-100 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by law you have been scheduled for a statutory interim hearing during December, 2001.

**U.S. Department of Justice**                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: JACKSON, Ainsworth                    Institution: Oklahoma FTC
                                            Allenwood FPC

Register Number: 19728-101

---

In the case of the above named the following parole action was ordered:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 100 months on 12-16-2003 with release through a CCC recommended. **In addition**, you are prohibited from opening checking accounts or incurring new credit charges or opening additional lines of credit, personal or commercial, without prior approval of your U.S. Probation Officer and the U.S. Parole Commission.

<u>FINDINGS OF FACT</u>:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 2 - Interstate Transportation of Security Taken by Fraud, (Reference Charge No. 1(A), Bank Fraud on warrant issued 9-08-95).

Basis: Information contained in Judgement No. CR95-256 dated 5-01-96; letter dated 7-08-96 from USPO Corbett, Pre-Sentence Report dated 3-29-96 from the U.S. District Court for the District of Columbia; and your admission during the hearing.

The Commission makes no findings concerning the following charges:

Charge No. 1 (B) - Assault on Police Officers.

Basis:  Insufficient information.

<u>REASONS</u>:

Your parole violation behavior has been rated as Category Six severity because it involved criminal violations, specifically:  Attempted fraud with potential losses of at least $1,000,000 but less than $5,000,000.  Your new salient factor score is 2.  As of 12-01-99, you have been in federal custody for 52 months.  Guidelines established by the Commission indicate a customary range of 78-100 months to be served before release.  After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by Commission, you have been scheduled for a review hearing during December, 2001.

**Appeals Procedure:**
The above action is appealable to the National Appeals Board under 28 C.F.R. 2.26.

You may obtain appeal forms from your caseworker or U.S. Probation Officer and they must be filed

---

EXHIBIT

Date:  January   21, 2000                                Clerk:  omg
                        Page 1 of 3            16        JACKSON.197

ith the Commission within thirty days of the date this Notice was sent.  Copies of this Notice are
ent to your institution and to your probation officer.  In certain cases, copies may also be sent to the
entencing court.  You are responsible for advising any others, if you so wish.

ee the attached sheet for an explanation of the Salient Factor Score and your item individual points.

four Pts        **SFS-98  Item  Explanations**

0        A - Prior  convictions/adjudications     (adult  or juvenile)  None  = 3;  One  = 2;Two  or three  = 1;
Four  or more  = 0

0        B - Prior  commitments  of more  than  30 days  (adult  or juvenile)  None  = 2;One  or two  = 1;
Three  or more  = 0

1        C - Age at commencement  of the  current  offense/prior  commitments  of more  than  thirty  days
(adult  or juvenile)  (see table  below  for an  explanation)

0        D - Recent  commitment  free period  (three  years)
No prior  commitment  of more  than  thirty  days  (adult  or juvenile),  or released  to the
community  from last  such commitment  at least  three  years  prior  to the commencement
of the current  offense  = 1;  Otherwise   = 0

0        E - Probation/parole/confinement/escape     status  violator  this  time
Neither  on probation,  parole,  confinement,  or escape  status  at the time  of the  current  offense;
nor committed  as a probation,  parole,  confinement  or escape  status  violator  this  time  =1;
Otherwise   = 0

1        F - Older offenders
If the  offender  was 41 years  or more  at the commencement  of the  current  offense
(and  the total  score  from Items  A-E above  is 9 or less)  =1; Otherwise   = 0

2        Total  Salient  Factor  Score  (SFS-98)  (sum of points  for A - F above)

0

| Points  For SFS-98  Item  C | | | |
| --- | --- | --- | --- |
| Age | Prior  Commitments | | |
|  | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Date:  January    21, 2000                                                         Clerk:  omg
                                    Page  3 of 3                                    JACKSON  197

**U.S. Department of Justice**
United States Parole Commission
*Chevy Chase, Md. 20815*

**Appeal**

Name **Ainsworth C. Jackson**

Register **19728-101**     Institution **FCI/Medium**

I received a Notice of Action sent **January 21, 2000**
                  *(Date)*                 **and hereby appeal that decision:**

(stamp: FEB 28 2000 P.M.)

**NATIONAL OR ORIGINAL JURISDICTION APPEAL)**

_George Chamberlin_
*(Witness Signature)*

I appeal to the *National Appeals Board – (Full Commission on O.J. cases)* to review and reverse or modify the decision.

_Ainsworth C. Jackson_
*(Signature)*

**2-22-00**
*(Date)*

**INSTRUCTIONS:**     All Appeals are decided on the basis of the written record. Appeals may be based on the following grounds. Check one or more of the grounds that are applicable to your case. Explain your basis for appeal on a separate sheet of paper. Use headings so that the Commission can see which of your grounds you are discussing. Address one point at a time.

**MAILING INSTRUCTIONS:**
**NOTE:**     Appeals *(National and Original Jurisdiction)* must be mailed to the appropriate regional office within 30 days from the date on the Notice of Action.

(1) [   ] The guidelines were incorrectly applied in my case as to any or all of the following:

         (A) [**XX**] Offense severity rating;
         (B) [**XX**] Salient factor score item(s)     **C & F**     ;
         (C) [   ] Time in custody.

(2) [   ] A decision outside the guidelines was not supported by the reasons or the facts as stated in the Notice of Action;

(3) [   ] Especially mitigation circumstances justify a different decision;

(4) [ **X** ] The decision was based on erroneous information and the actual facts justify a different decision;

(5) [ **X** ] The commission did not follow correct procedure in deciding my case, and a different decision would have resulted if the error had not occurred;

(6) [ **X** ] There was significant information in existence but not known at the time of the hearing;

(7) [   ] There are compelling reasons why a more lenient decision should be rendered on grounds of compassion.

*(Attach explanation on a separate sheet of paper)*

EXHIBIT
17

PAROLE FORM I-22
Oct 1985

## BRIEF IN SUPPORT OF PAROLEE'S APPEAL

In support of parolee's appeal, he submits that the U.S. Parole Commission made the following errors: (1) the Parole Commissioner gave parolee a presumptive parole date that exceeded parolee's sentence; (2) the Parole Commission failed to make the necessary adjustment to parolee's sentence after it had **"De-Aggregated"** it in 1991 (See Appendix 1 & 2); (3) the Parole Commission used erroneous information when it calculated parolee's salient factor score, and parolee's offense category; (4) the Parole Commission used incorrect guidelines in deciding parolee's case, using federal guidelines, when D.C. Guidelines should have been used; and (5) the Parole Commission failed to credit parolee with 3 months & 28 days it had ordered parolee (See Appendix 3) under Public Law to be confined in a CCC.

1.  Parolee states that the Parole Commission in making its decision to continue parolee to a "Presumptive Parole Date" of December 16, 2003, it failed to take into account that parolee's sentence does not extend to the year 2003 based on the fact that pursuant to PS# 5160.03, parolee's D.C. & Federal sentences were made to run concurrent with each other, and pursuant to PS# 5880.30(9)(e), the Parole Commission **"De-Aggre-ated"** parolee's sentences, continuing parolee to expiration on his federal sentence (See Appendix 1 & 2), and to have his initial hearing on his D.C. sentence in July of 1993.

Parolee states that once the Commissioner **"De-Aggregated"** his sentence pursuant to PS# 5880.30(9)(e), parolee's sentence was to be adjusted to reflect such de-aggregation by the Bureau of Prison and the Parole Commission, which would have given parolee a expiration date on his D.C. Code Sentence of December 7, 1996. Instead of this date being given to parolee, the Parole Commission stated that parolee owed 3,025 days from parolee's August 26, 1994 parole date. As is stated in PS# 5880.30(9)(e):

> **"e. De-aggregated sentence: On occasion the Parole Commission will parole from one sentence to another sentence (e.g., parole from a parolable to a parolable or non-parolable sentence) causing the sentence to become "de-aggregated." For the remaining sentence, it shall be computed as if the other sentence had not existed, i.e., the SGT rate shall be based on the total length of the remaining sentence and not on the length of the aggregate prior to parole. Presentence time credit belonging to the sentence from which paroled that was used to calculate the original aggregated sentence shall not be carried over to the remaining sentence. EGT earned on theaggregate will not carry over but the seniority accrued on the aggregate shall carry over to the remaining sentence. All time served on the sentence from which paroled shall count toward reducing the PE date on the remaining parolable sentence or sentences, including concurrent or consecutive life sentences."**

Parolee states that the reading of PS# 5880.30 clearly indicates that once a sentence is "de-aggregated," the remaining sentence shall be computed as if the other sentence had not existed, and in this case, the prior sentence was the federal sentence of six years. Thus, the Commission gave parolee a "Presumptive Parole Date" for which exceeds parolee's sentence, and therefore, this case should be re-visited and parolee be given a correct parole release date.

-2-

2. Parolee further states that the Parole Commission used erroneous information in deciding his salient factor score and offense category (See Appendix 4 & 5). Parolee states that the Commission stated that parolee's "attempted fraud amounted with potential losses of at least $1,000,000 but less than $5,000,000, and that parolee's new salient factor score was 2. Parolee first states that the Parole Commission did not refer to the April 19, 1996 (See Appendix 6) Memorandum by the Probation Officer, which states that the attempted fraud amounted to $750,000, instead of the $1,900,000, as she had previously stated. This was an attachment to parolee's Pre-Sentence Report, which the Parole Commission did not use, and does not have on file, which they should have on file, but they do have on file Appendix 6 because parolee was given a copy of Appendix 6 at the "Revocation Hearing." In regards to parolee's salient factor score, the Commission scored it incorrectly (See Appendix 5, because parolee does not have five or more commitments of thirty days or more, but only four. The Parole Commission also used an incorrect salient factor score sheet in scoring parolee's salient factor score. First of all, the new salient factor score sheet of 1999 cannot be used, See Geraghty v. United States Parole Commission, 579 F.2d 238, because parolee's parole violation occurred in 1995, and the existing salient factor score sheet of 1995 was to be employed, not the 1999 salient score sheet. And finally, the D.C. Board of Parole's Salient Factor Sheet should have been used since parolee is a D.C. Code violator.

-3-

3.   Parolee states that the U.S. Parole Commission used incorrect guidelines to decide parolee's presumptive parole release date. Instead of the Parole Commission using D.C. Guidelines to decide parolee's case, they used exclusively Federal Parole Guidelines, which they have been precluded from doing, (See <u>Cosgrove</u> v. <u>Thornburgh</u>, 703 F. Supp. 995 (1988); <u>Franklin</u> v. <u>Ridley</u>, App. D.C. 635 A.2d 356 (1993), and since parolee's parole violation occurred in 1995, all guidelines that existed at the time of his violation are to be used.  <u>Geraghty</u> v. <u>United States Parole Commission</u>, 579 F.2d 238 (see also Appendix 7).  The Parole Commission's revised guidelines that have been published in 28 CFR do not apply to parolee because there were published after parolee's violation and also because the Parole Commission is only authorized to **amend**  or **supplement** (See Appendix 9) any rules of the D.C. Board of Parole, not abolish them, and the Parole Commission does not assume full authority until August 5, 2000.

   Parole states that in light of the following, he moves for his parole grant amended to reflect a correct parole date, and amount of time left on parole, and grant parolee immediate release.

Respectfully Submitted,

*Ainsworth C. Jackson*

Ainsworth C. Jackson
Reg. No. 19728-101
FCI Allenwood/Medium
P.O. Box 2000/Unit 1B
White Deer, Pa. 17887

DATE  2-22-00

-4-

BOPCODE-ALM>

<u>NATIONAL APPEAL</u>

ME: Jackson, Ainsworth          REG. NO.  19728-101  INST:  Allenwood FCI

TE: June 6, 2000               REVIEWER: rc 𝒫𝒞 MOS AT REL: 100

<u>COMMENDED ACTION</u>:

firm the revocation decision and denial of credit for time spent on parole.
dify the presumptive parole date to August 16, 2002, after the service of 84
nths.

:COMMENDED REASONS:

ur presumptive parole date does not exceed the full-term date of your
gregated sentences.  As established by the litigation you brought in the U.S.
.strict Court for the Middle District of Pennsylvania (Civ. No. 3:CV-98-1279)
id the Court of Appeals for the Third Circuit (No. 99-3291), you were paroled
1 an aggregate sentence of 13 years on August 27, 1994 with 3,024 days
:maining to be served.  You properly forfeited credit for all time spent on
irole due to your 1996 conviction.  The violator term of 3,024 days did not
:commence until your arrest on a parole violator warrant on October 6, 1999.
ur recalculated full-term date is January 16, 2008.

ur sentences were not "de-aggregated" in 1991 when the Commission made a
irole determination using a former version of its policy for deciding mixed
.S. Code and D.C. Code cases.  See 28 C.F.R. §2.66 (1991).  This former policy
id the Commission's present policy is based on the premise that the Commission
; making a decision for release on a single, aggregate prison term.

he evaluation of your case under the parole guidelines has also been reviewed.
he Commission has determined that your offense severity rating should be
educed to Category Five based on a finding that you committed a check fraud
ffense in which you placed at risk of loss an amount of funds more than
200,000 but less than $1,000,000 (<u>i.e.</u>, $750,000).  The Commission finds no
eason to modify your salient factor score.  The correct version of the score
as used (the version in effect at the time of your revocation hearing).
oreover, the record shows that Item B (prior commitments) was properly scored
s 0 since you have at least five prior commitments of thirty days each.

ith an offense severity rating of Category Five and a salient factor score of
, your revised guideline range is 60-72 months to be served before release.
he Commission has decided that a presumptive parole date above the revised
uidelines is warranted since you are a poorer parole risk than shown by your
alient factor score.  Your lengthy criminal record of repeated
orgery/fraud/theft offenses, with 12 convictions for such crimes commencing in
972, clearly evidences that your chosen career is to obtain money through theft
nd fraudulent practices.  A continuance above the guidelines will at least
ncapacitate you from resuming such crimes for a longer duration.

he reparole guidelines at 28 C.F.R. §2.20 and §2.21 were properly used in your
ase.  See 28 C.F.R. §2.87 (1999).



EXHIBIT
18

TES:

ckson is a 48-year old offender with a substantial history of fraud-type fenses extending back to 1972. He has 12 convictions for rgery/fraud/larceny crimes. Jackson claims that he has only four prior mmitments for salient factor scoring purposes, but I count five: (1) a mmitment as a youth offender from 1973-4; (2) a commitment as a parole olator in 1976 combined with a new prison term for uttering and false etenses in 1977; (3) a 12-month commitment in 1985 for larceny by check mbined with subsequent commitments for grand and petit larceny; (4) a mmitment in 1988 for assault on a federal officer; and (5) a commitment from 89-94 for fraud, uttering, forgery, and bail jumping, and federal bank fraud.

agree with Jackson's objection to his offense severity rating. He has bmitted a memorandum that accompanied his 1996 presentence report that pports his claim that the money at risk from his last check kiting should be mited to $750,000, the amount deposited in the first bank account. None of e transactions subsequently made by Jackson, when totaled, exceeded this nount. With the lower severity rating of Category Five, and the rrespondingly lower guidelines, I believe that a decision outside the idelines is appropriate to incapacitate this offender from resuming his rofession. I would not recommend a longer continuance given the non-violent ature of his crimes.

n the issue of "deaggregation" and the Commission's 1991 decision, it was a istake to issue a "continue to expiration" order regarding Jackson's U.S. Code entence. But this is a harmless error in the wording of the order. It only ignified the decision-maker's intent that Jackson should serve to the ypothetical two-thirds date of his U.S. Code term (48 months) before proceeding ith a hearing using the D.C. guidelines on his D.C. Code sentences. The CTE rder had no effect on the BOP's established policy of aggregating U.S. Code and .C. Code sentences.

JC

Concur
Marie F Ragg [signature] Marie
6-7-00                    6-7-00

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
~~Chevy Chase, Maryland 20815-7201~~

NOTICE OF ACTION ON APPEAL

Name:  Jackson, Ainsworth

Register Number: 19728-101                 Institution:  Allenwood  FCI

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirm the revocation decision and denial of credit for time spent on parole. Modify the presumptive parole date to August 16, 2002, after the service of 84 months.

**REASONS:**

Your presumptive parole date does not exceed the full-term date of your aggregated sentences. As established by the litigation you brought in the U.S. District Court for the Middle District of Pennsylvania (Civ. No. 3:CV-98-1279) and the Court of Appeals for the Third Circuit (No. 99-3291), you were paroled on an aggregate sentence of 13 years on August 27, 1994 with 3,024 days remaining to be served. You properly forfeited credit for all time spent on parole due to your 1996 conviction. The violator term of 3,024 days did not recommence until your arrest on a parole violator warrant on October 6, 1999. Your recalculated full-term date is January 16, 2008.

Your sentences were not "de-aggregated" in 1991 when the Commission made a parole determination using a former version of its policy for deciding mixed U.S. Code and D.C. Code cases. See 28 C.F.R. §2.66 (1991). This former policy and the Commission's present policy is based on the premise that the Commission is making a decision for release on a single, aggregate prison term.

The evaluation of your case under the parole guidelines has also been reviewed. The Commission has determined that your offense severity rating should be reduced to Category Five based on a finding that you committed a check fraud offense in which you placed at risk of loss an amount of funds more than $200,000 but less than $1,000,000 (i.e., $750,000). The Commission finds no reason to modify your salient factor score. The correct version of the score was used (the version in effect at the time of your revocation hearing). Moreover, the record shows that Item B (prior commitments) was properly scored as 0 since you have at least five prior commitments of thirty days each.

With an offense severity rating of Category Five and a salient factor score of 2, your revised guideline range is 60-72 months to be served before release. The Commission has decided that a presumptive parole date above the revised guidelines is warranted since you are a poorer parole risk than shown by your salient factor score. Your lengthy criminal record of repeated forgery/fraud/theft offenses, with 12 convictions for such crimes commencing in 1972, clearly evidences that your chosen career is to obtain money through theft and fraudulent practices. A continuance above the guidelines will at least incapacitate you from resuming such crimes for a longer duration.

The reparole guidelines at 28 C.F.R. §2.20 and §2.21 were properly used in your case. See 28 C.F.R. §2.87 (1999).

Date: June 8, 2000                                          Clerk: pgm

BOP-Allenwood  FCI                  Page 1 of 2            EXHIBIT 19        JACKSON.197

All decisions by the National Appeals Board on appeal are final.



Date: June 8, 2000                                    Clerk: pgn

BOP-Allenwood    FCI              Page 2 of 2              JACKSON.197

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE

Know all Men by these Presents:

It having been made to appear to the United States Parole Commission that **JACKSON, Ainsworth Charles**, Register No. **19728-101** (DCDC No. **172-691**), a prisoner incarcerated in the **Volunteers of America-Baltimore** is eligible to be PAROLED, and in that said prisoner substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **August 16, 2002**, and that said prisoner is to remain within the limits of **District of Maryland** to and including **January 16, 2008**.

Given under the hands and the seal of the United States Parole Commission on **August 1, 2002**.

UNITED STATES PAROLE COMMISSION

*Steven Brunson / For*

**By: Juanita E. Holmes, Parole Info. Specialist**

Initial Risk Category: SFS - 2
Chief U.S. Probation Officer: **William F. Henry, District of Maryland**

I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I also understand that the law requires the Parole Commission to revoke my parole if I am found by the Commission to have possessed any illegal controlled substance. I also understand that special conditions may be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_____

Name                                    Reg. No.

Witnessed: _____
            Name and Title                        Date

The above-named person was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____

**Official Certifying Release**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................. **Jackson, Ainsworth Charles**
Reg. No .......................... **19728-101**
DCDC No. .................... **172-691**
FBI No .......................... **579 742 H**
Birth Date....................... **May 13, 1952**
Race............................... **Black**

Date........................................**December 23, 2004**
Termination of Supervision......**January 16, 2008**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .........................**July 18, 2003**
Released ................................. **August 16, 2002**

Sentence Length............**13 years (Aggregate - Original); 3,025 days (PV Term)**
Original Offense ............ **Forgery, Uttering and Bail Reform Act**

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Parole Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you will out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Violation of Special Condition (Prohibition from Opening Checking Accounts).** On 7/18/03, the releasee opened a personal checking account with *M&T Bank*. On 7/28/03, the releasee opened a business checking account in the name of *ACI, Inc.* with *M&T Bank*. In April of 2004, the releasee opened a personal checking account with *Chevy Chase Bank*. The releasee did not have the prior approval of his U.S. Probation Officer to open these accounts. This charge is based on the information contained in the violation report dated 12/2/04 from Senior U.S. Probation Officer John F. Albert II and the documentation from *M&T Bank*.
**I ADMIT [  ] or DENY [  ] this charge.**

**Charge No. 2 - Failure to Submit Complete and Truthful Supervision Reports.** Since July of 2003, the releasee has indicated that his only any bank account is with *First Federal Savings*. The releasee failed to disclose that he has bank accounts with *M&T Bank* and *Chevy Chase Bank*. This charge is based on the information contained in the violation report dated 12/2/04 from Senior U.S. Probation Officer John F. Albert II and the *Monthly Supervision Reports*.
**I ADMIT [  ] or DENY [  ] this charge.**

EXHIBIT
21



**Charge No. 3 - Law Violation – Making a False Statement.** On or about 8/21/03, the releasee filed a _Writ of Error Coram Nobis_ in the _Superior Court of the District of Columbia_. The writ is signed by the releasee as _"Attorney for Petitioner,"_ and recites, _"Comes now the petitioner, by and through his attorney, moves this honorable court…"._ The releasee is not a member of the D.C. Bar. This charge is based on the information contained in the violation report dated 5/24/04 from U.S. Probation Officer Heather Jackson and the _Writ of Error Coram Nobis_.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Law Violation - Fraud.** On 3/26/04, the releasee deposited a check in the amount of $6500.00 in the _ACI, Inc._ account at _M&T Bank._ The check was written on 3/24/04 and was signed with the releasee's mother's name. The releasee's mother died in December of 2003. On 3/29/04, the releasee withdrew $5000.00 from the _ACI, Inc._ account, which overdrew his account in the amount of $4,721.61. This charge is based on the information contained in the violation report dated 12/2/04 from Senior U.S. Probation Officer John F. Albert II and the documentation from the banking transactions.
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**                    **Warrant Recommended By:**

Warrant Issued................... **December 23, 2004**     **Mary Jo Williams, Case Analyst**
                                                            **U.S. Parole Commission**

U.S. Probation Office Requesting Warrant: **District of Maryland, Greenbelt**

---

**Jackson, Ainsworth Charles**
**Reg. No. 19728-101    DCDC No. 172-691**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Jackson, Ainsworth Charles, Reg. No. 19728-101, DCDC No. 172-691, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 13 years (Aggregate - Original); 3,025 days (PV Term) for the crimes of Forgery, Uttering and Bail Reform Act and was on August 16, 2002 released on parole from Volunteers of America-Baltimore with 1,979 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 23, 2004

_Cranita Whitwell_
U.S. Parole Commissioner

---

**Jackson, Ainsworth Charles**
**Reg. No. 19728-101     DCDC No. 172-691**

EXHIBIT
22

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:

WHEREAS, Jackson, Ainsworth Charles, Reg. No. 19728-101, DCDC No. 172-691, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 13 years (Aggregate - Original); 3,025 days (PV Term) for the crimes of Forgery, Uttering and Bail Reform Act and was on August 16, 2002 released on parole from Volunteers of America-Baltimore with 1,979 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 23, 2004

_U.S. Parole Commissioner_

---

Jackson, Ainsworth Charles
Reg. No. 19728-101     DCDC No. 172-691

EXHIBIT
23

WARRANT For Return Or Prisoner Released To Supervision

Name: **Jackson, Ainsworth Charles**            Institution: **VOA – Baltimore**
Reg. No. 19728–101                              DCDC No. **172–691**

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE: Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of __MARYLAND__ ss:

Received this writ the __30 TH__ day of __DECEMBER__, 20 __04__, and executed same by arresting the within-named __AINSWORTH JACKSON__

this __24 TH__ day of __FEBRUARY__ , 20 __05__,

at _____ and committing him to _____

__JOHNNY HUGHES__
*U.S. Marshal*

__WILLIE EVANS__
*Deputy Marshal*

Further executed same by committing him to __DC JAIL__

at __5 PM__ on __FEB 24__ , 20 __05__, the institution designated by the Attorney General, with the copy of the warrant and warrant application.

__George WALSH__
*U.S. Marshal*

__Buckley BURKE__
*Deputy Marshal*

NOTE: The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated ____ __Dec 23, 2004__

__Ainsworth Jackson__
*Prisoner's Signature*

__Feb 25, 2005__
*Date*

*(If prisoner refuses to sign, Marshal should so indicate.)*

**Jackson, Ainsworth Charles**
**Reg. No. 19728–101    DCDC No. 172–691**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**SUPPLEMENT**
**D.C. Code Offender**

---

Name ..........................**Jackson, Ainsworth Charles**
Reg. No ......................**19728-101**
DCDC No. .................**172-691**
FBI No .......................**579 742 H**
Birth Date...................**May 13, 1952**
Race...........................**Black**
Date ...........................**March 18, 2005**

**CHARGES:**

**Charge No. 5 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to his U.S. Probation Officer on 2/1/05 as directed. He additionally failed to contact his U.S. Probation Officer as directed by voice mail messages left on his cell phone on 2/3/05 and 2/9/05, and a message left with his girlfriend on 2/9/05. This charge is based on the information contained in the violation report dated 3/1/05 from Senior U.S. Probation Officer John F. Albert II.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 6 - Failure to Report Change in Residence.** The releasee left his last known residence located at *2600 Queens Chapel Road, Hyattsville, Maryland* in or before February 2005 and failed to report a new residence to his U.S. Probation Officer within 48 hours. This charge is based on the information contained in the violation report dated 3/1/05 from Senior U.S. Probation Officer John F. Albert II.
**I ADMIT [   ] or DENY [   ] this charge.**

Warrant Issued ............**December 23, 2004**
District Sent To...........**District of Maryland - Greenbelt**

**Warrant Recommended By:**

*Mary Jo Williams*

**Mary Jo Williams, Case Analyst**
**U.S. Parole Commission**

---

EXHIBIT
24

# HEARING SUMMARY

**Name: Jackson, Ainsworth**                                    **Reg No: 19728-101**

## Hearing Parameters

    Hearing Type.................................: **Revocation (Local)**

    Hearing Date ...............................: 4/28/05

    Examiner .....................................: Casey Skvorc

    Institution ...................................: D.C.-Correctional Treatment Facility

    Second Designation.....................: None

## Sentence Parameters

    Sentence Type .............................: **DC Parole Eligible**

    MR/Statutory Release Date.........: 2/21/09

    Full Term Date ............................: 7/26/2010

    Months in Custody ......................: 2 as of 4/24/05

    Detainer.......................................: None known

## Warrant Parameters

    Supervision..................................: **Parole**

    Revoking District & Office .........: USPO – Greenbelt, MD

    Warrant Execution Date .............: 2/24/05

    Probable Cause Date ...................: 3/1/05

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Prehearing Assessment dated 4/4/05.

**Counsel:** LaShanta Johnson and Olinda Moyd of the Public Defender Service.

**Witnesses:** John Albert II, Supervisory USPO, Greenbelt, MD.

**Procedural Considerations:** The subject claimed that the Parole Commission did not have jurisdiction over him, and this objection was overruled.

**Charges:**

**Charge No. 1 – Violation of Special Condition Prohibition from Opening a Checking Account:**
    **Evidence Presented:** The subject denied the above charge.

EXHIBIT 25

The subject testified that his prior USPO had given him permission to open a checking account so he could pursue contracting work.

The subject's SUSPO provided documentation from M & T Bank and Chevy Chase Bank that the subject had opened bank accounts, and provided credible testimony that the subject had not obtained prior permission from his USPO to do so. The SUSPO reviewed the file and did not find any notations from the prior USPO that the subject was authorized to violate this condition. The SUSPO reviewed a notation in the file from the previous USPO indicating that it was her opinion that the subject was "evasive" and untrustworthy.

The testimony of SUSPO Albert was more convincing than the testimony of the subject on this matter.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.

**Basis:** The testimony of SUSPO Albert.

## Charge No. 2 - Failure to Submit Complete and Truthful Supervision Reports:
**Evidence Presented:** The subject denied the above charge.

The subject claimed his prior USPO had instructed him that he did not need to disclose the bank accounts at M & T Bank and Chevy Chase Bank.

The SUSPO provided credible testimony and documentation from the subject's supervision file indicating that the subject had never disclosed on his monthly reports that he had bank accounts at M & T Bank and Chevy Chase Bank.

The testimony of SUSPO Albert was more convincing than the testimony of the subject on this matter.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** The testimony of SUSPO Albert.

## Charge No. 3 – Making a False Statement:
**Evidence Presented:** The subject denied the above charge. The subject testified that he had held himself out to have another individual's power of attorney, and that he did not specifically state that he was an attorney.

The SUSPO provided documentation that the subject had in fact held himself out to be an attorney in court documents that had been filed.

The testimony of SUSPO Albert was more convincing than the testimony of the subject on this matter.

**Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
**Basis:** The testimony of SUSPO Albert.

**Charge No. 4 - Law Violation  - Fraud:**
**Evidence Presented:**  The subject denied the above charge.  The subject claimed that the bank had given him permission to sign his mother's name on her checks.  The subject admitted that he signed his mother's name on the check that was deposited some months after her death.   When asked about his actions of forging his signature on his deceased mother's checks, his response was, "She's dead, isn't she?"

The SUSPO provided documentation from his file regarding the subject's overdraft of the bank account at M & T Bank.

The testimony of SUSPO Albert was more convincing than the testimony of the subject on this matter.

> **Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.
> **Basis:**  The testimony of  SUSPO Albert.

**Charge No. 5 - Failure to Report to Community Supervision Officer as Directed:**
> **Evidence Presented:**  The subject denied the above charge.  The subject stated he did not know he was supposed to report to the SUSPO on the dates in question.
>
> The SUSPO testified that the subject was told to report to him and did not on the dates in question and that the subject was not in contact with him after that time.
>
> **Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.
> **Basis:**  The testimony provided by SUSPO Albert was more credible than the subject's testimony on this matter.

**Charge No. 6 - Failure to Report Change in Residence:**
> **Evidence Presented:**   The subject denied the above charge, and testified that he had maintained his residence at the address last listed with the SUSPO.
>
> The SUSPO provided documentation and testimony that the US Marshals had gone to the subject's last known residence, and upon entering the residence it was largely empty, other than a few boxes.
> **Findings of Fact:**  This examiner finds that the subject violated the conditions of release as indicated in the above charge.
> **Basis:**  The testimony SUSPO Albert was more convincing than the subject's testimony on this matter.

**Discipline:**  None.

**Release Plans:**  The subject hopes to resume his role in the community as a contractor.

## Guideline Parameters

**Severity Justification:**   Category Three because it involved Bank Fraud and Theft between $2000 and $40,000.
**Salient Factor Score:**    2.

**Re-parole Guideline Range:** ............... 24-32
**Disciplinary Guideline Range:** ................. 0
**Total Guideline Range:** ..................... 24-32

**Evaluation:** This subject was evasive in his responses to questions and gave the appearance during the hearing that he was attempting to avoid any responsibility for his behavior. The subject has an extensive history of bank fraud as noted in the PHA: he now has 12 convictions for crimes that began in 1972. His 1996 violation behavior and new offense involved in a check typed scheme put at rest the $750,000 of bank money.

**Recommendation:** Revoke parole.    Continue to Expiration.

**Conditions:** None.

**Statutory Interim Hearing:** October 28, 2006.

**Guideline Use:** A decision above the guidelines is warranted because you are a poorer risk than indicated by the guidelines in that you have 12 prior convictions for forgery, fraud or larceny type crimes with 6 prior commitments. You admitted at the hearing that you wrote your mother's name on a check months after her death. You also admitted to extensive overdrafts of bank accounts, which you were not authorized by your supervision officer to open, based on your prior fraudulent behavior with banks.  Your claim that you were authorized by his prior USPO to evade the conditions of his parole demonstrates a disregard and disrespect for complying with your conditions of parole.
**Additional Text:** None.


**Executive Reviewer's Comments:**

CXS/PAH
April 30, 2005

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: JACKSON, Ainsworth | Institution: D.C.- C.T.F. |
| Register Number: 19728-101 | |
| DCDC No: 172-691 | Date:     May 19, 2005 |

As a result of the hearing conducted on April 28, 2005, the following action was ordered:

### D.C. Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Continue to expiration.

**FINDINGS OF FACT:**

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1- Violation of Special Condition (Prohibition From Opening a Checking Account).

Basis: The testimony provided by Supervisory USPO Albert.

Charge No. 2 - Failure to Submit Complete and Truthful Supervision Reports.

Basis: The testimony provided by Supervisory USPO Albert.

Charge No. 3 - Making a False Statement.

Basis: The testimony provided by Supervisory USPO Albert.

Charge No. 4 - Law Violation: Fraud.

Basis: The testimony provided by Supervisory USPO Albert.

Charge No. 5 - Failure to Report to Supervising Officer as Directed.

Basis: The testimony provided by Supervisory USPO Albert.

Charge No. 6 - Failure to Report Change in Residence.

Basis: The testimony provided by Supervisory USPO Albert.

EXHIBIT
26

**REASONS**:

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved Bank Fraud at Least $2,000 but less than $40,000 and administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of 04-24-2005, you have been in confinement as a result of your violation behavior for a total of 2 month(s). Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release. After review of all relevant factors and information, a decision above the guidelines is warranted because you are a poorer parole risk than indicated by your Salient Factor Score in that you have 12 prior convictions for forgery, fraud or larceny type crimes with 6 prior commitments. You admitted at the hearing that you wrote your Mother's name on a check months after her death. You also admitted to extensive overdrafts of bank accounts, which you were not authorized by your Supervision Officer to open, based on your prior fraudulent behavior with banks. Your claim that you were authorized by your prior Supervision Officer to evade the conditions of your parole demonstrates a disregard and disrespect for complying with your conditions of parole.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave., N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: Sean McLeod

       U.S. Probation Office
       District of Maryland
       9200 Edmonston Road, Suite 200
       Greenbelt, MD 20770

       Olinda Moyd
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

## SALIENT FACTOR SCORE (SFS-98)

| **Your Pts** | **Salient Factor Score (SFS-98) Item Explanations** |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | F - Older offenders If the offender was 41 years of more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

APPEAL



**U.S. Department of Justice**
United States Parole Commission

Name  **Ainsworth C. Jackson**

Register No.  **19728-101** _____ Institution  **CTF**

received a Notice of Action dated  **May 19, 2005** _____ and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

*Ainsworth C. Jackson*
*(Signature)*                                        **June 13, 2005**
                                                                    *(Date)*

INSTRUCTIONS:

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender who wants review of a decision made after a revocation hearing; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (e.g., in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

Instructions: Briefly describe below why you believe we have an incorrect or non-specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

Ground One: **Petitioner states that his entire sentence has expired, and that his parole supervision should be terminated effective immediately. (See attached "Petition For Termination of Parole and Exhibits attached)**

Ground Two: **Petitioner states that the Parole Examiner erred when he found petitioner guilty of charges #3 & #4, "Criminal Law Violations, where petitioner was never arrested, charged, indicted or convicted of any criminal charges for "Making a False Statement, or Bank Fraud."**

There is no evidence or testimony which so supports charges Numbers 5 + 6.

Ground Three: **The Commission made an error in applying federal guidelines when D.C. guidelines should have been applied in petitioner's case. The Commission violated the "ex post facto clause" of the U.S. Constitution** when **applied federal guidelines instead of D.C. guidelines, as well as when it failed to award petitioner all of his "street time."**

Ground Four: **The Commission relied on erroneous information and actual facts justify a different decision; A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.**

Note: You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page.

An electronic version of this form can be down-loaded from the Comnission's website, www.usdoj.gov/uspc.

Instructions: Please present your grounds for appeal in the order in which they appear in your summary. For each ground of appeal, use the following format, first stating the facts that are relevant to deciding the ground you have identified, and then the reasons why you believe the Commission erred and/or should make a different decision. Use continuation pages in the same format.

Ground One: (Circle the applicable ground for appeal from Page 1:  a  b  c  d  e  f  g ).

**See Attached "Petition For Termination Of Parole Supervision."**

Facts:_____

_____

_____

_____

_____

_____

Reasons:_____

_____

_____

_____

_____

_____

Ground Two: (Circle the applicable ground for appeal from Page 1:  a  b  c  d  e  f  g).

Facts: Petitioner states that the Commission erred in finding him guilty of charges #3 & #4, "Criminal Law Violations," where petitioner was never arrested, charged, indicted or convicted of any new criminal charges (i.e., Making A False Statement, Bank Fraud, or Fraud). Had petitioner been found guilty of any new criminal charges, petitioner would not have received a "Local Revocation Hearing." (See attached "Local Revocation Hearing Request). Furthermore, no documentation, testimony or evidence was ever submitted by petitioner's parole officer from the courts, bank, police department, etc., which indicated that petitioner had been arrested, charged, indicted or convicted of any new criminal charges. Furthermore, petitioner states that in reference to the charge of "Making A False Statement," this charge had been addressed by the Commission in May of 2004 (See letter attached from petitioner's initial parole officer, Heather Jackson) where 2 letters had been sent to Deputy General Counsel, Michael A. Stover by Assistant U.S. Attorney for the District of Columbia, Daniel M. Cisin stating that petitioner had not made any false statements. Because of this information supplied by AUSA DAniel M. Cisin, the Commission made a "NO FINDING" on the charge of "MAking A False Statement," but sanctioned petitioner for violating conditions #5, and #10.

_____

_____

An electronic version of this form can be down-loaded from the Commission's website, www.usdoj.gov/uspc.

Parole Form I-22 (December 2004)

Facts: Petitioner states that the Commissioner failed to apply federal guidelines in making his decision, when D.C. Guidelines were to been applied, see Cosgrove v. Thornburg, attached, and violated the "Ex Post Facto Clause" of the U.S. Constitution by forfeiting all of petitioner's "street time," where 28 District of Columbia Municipal Regulation section 601.7 mandates that petitioner receive credit for all of his "street time." Furthermore, the Commission violates the "Ex Post Facto Clause," when in its own regulation it is stated that the new guidelines (federal) should not be applied to petitioner's case, and where the federal guidelines are more onerous than D.C. guidelines. Pursuant to D.C. Code 24-409, and the National Capital Revitalization Act, the U.S. Parole Commission was mandated by Congress to use D.C. Guidelines and D.C. Laws on all D.C. Code Offenders.

Reasons: _____

_____

_____

_____

_____

_____

_____

**Ground Four:** (Circle the applicable ground for appeal from Page 1: a b c d e f g ).

Facts: Petitioner states that the Commission used erroneous information in making its decision when it stated that petitioner had 12 convictions for fraud type offenses, and that petitioner had 6 prior commitments of more than 30 days; petitioner states that he does not even have 12 convictions, let alone 12 convictions for fraud type offenses, and he does not have 6 prior commitments of thirty days or more • A decision outside the guidelines was not supported by the reasons or facts stated in the "NOtice of Action," based on the fact that the main reasons for going outside the guidelines were because (1) the Commission stated that petitioner had 12 convictions for fraud type crimes,; petitioner was alleged also to have 6 prior commitments of thirty days or more; (2) federal guidelines were applied instead of D.C. guidelines; and (3) the Commissioner used guidelines for new criminal conduct in making his decision.

Reasons: _____

_____

_____

_____

_____

_____

_____

_____

An electronic version of this form can be down-loaded from the Commission's website, www.usdoj.gov/uspc.

Parole Form I-22 (December 2004)

I declare under the penalty of perjury that the statements made herein are true and correct.

Executed on this ____13th____ day of ___June___ 2005.

_Cumpworth C. Jackson_

Petition For Termination of Parole Supervision

TO: U.S. Parole Commission, Appeals Division
5550 Friendship Blvd.
Chevy Chase, MD 20815

FROM: Ainsworth C. Jackson
Reg. No. 19728-101; DCDC# 172-691

Subject: Termination of Parole Supervision

## Statement of Facts

1. Petitioner states that while serving a parole violator term for a prior D.C. sentence, he was sentenced to 7 years imprisonment in the Superior Court of the District of Columbia on 4-14-89, and was sentenced to 6 years imprisonment in the U.S. District Court For the Western District of North Carolina on 4-11-89, both sentences to run consecutive. On 12-19-89, petitioner was paroled by the D.C. Board of Parole to both his D.C. + federal consecutive sentences.

2. Petitioner immediately began service of his 7 year D.C. sentence, but was prevented from beginning service of his 6 year federal sentence because he was not in federal custody nor had the Central Facility in Lorton, Va. where petitioner was doing his D.C. sentence been designated as the institution for petitioner to serve

-2-

pursuant to Bureau of Prisons Policy Statement # 5160.03. Because service of the 6 year federal sentence could not begin, the U.S. Marshal's Service placed a federal detainer against petitioner with the D.C. Dept. of Corrections at the Central Facility Records Office in Lorton, Va.

3. After discussing with Mr. Charles Allen, Supervisor of Records at the Central Facility in Lorton, Va. what procedures were necessary to have petitioner's federal sentence begin running with his 7 year D.C. sentence, petitioner was told by Mr. Allen that a request to the Federal Bureau of Prisons had to be made, a request was then initiated by the D.C. Dept. of Corrections by Mr. Charles Allen, Supervisor of Records at the Central Facility to the Federal Bureau of Prisons requesting that petitioner be allowed to begin service of his 6 year federal sentence with his 7 year D.C. sentence and designate the Central Facility in Lorton, Va. as the institution for service of his federal sentence.

4. On or about October 1990, Mr. Charles Allen, Supervisor of Records at the Central Facility was notified by the Federal Bureau of Prisons that petitioner had been designated by the Federal Bureau of Prisons to serve his federal sentence at the Central Facility in Lorton, Va., pursuant to BOP PS# 5160.03. This BOP Policy Statement made the 7 year D.C. sentence and the 6 year federal sentence run concurrent with each other.

5. On 11-15-90, the federal detainer for the 6 year federal sentence was lifted by the U.S. Marshal's Service and petitioner's federal sentence was then and only then computed with his 7 year D.C. sentence by the D.C. Dept. of Corrections.

6. In February of 1991, petitioner was transferred to F.C.I Oxford, Wisconsin.

7. On 7-15-91, petitioner was seen by the U.S. Parole Commission for his 6 year federal sentence and 7 year D.C. sentence. In doing so, the USPC used several procedures contained in Regulation 2.65; (1) First, the USPC ran both the D.C. and federal sentences concurrent with each other pursuant to Regulation 2.65(c) which states that the Commission shall "deem the federal time" to have commenced with the prisoner's initial commitment on the current aggregate sentence, including jail-time; (2) Second, the USPC paroled petitioner from the federal sentence to the D.C. sentence by continuing him to expiration on his federal sentence and pursuant to Regulation 2.65(a) it states:

"2.65(a) This Regulation applies to all prisoners serving any combination of U.S. and D.C. Code sentences that have been aggregated by the U.S. Bureau of Prisons. Such individuals are considered for parole on the basis of a single parole eligibility and mandatory release date."

Petitioner states that his sentences were never aggregated by the U.S. Bureau of Prisons, nor did the U.S. Bureau of Prisons ever compute petitioner's 7 year and 6 year sentences for Regulation 2.65(a) to apply to petitioner. What the BOP did do was award petitioner 11 days jail-time credit which indicated that petitioner's federal sentence had commenced on 12-19-89 and was running concurrent with his 7 year D.C. sentence.

8. The D.C. Dept. of Corrections aggregated petitioner's sentences on 11-15-90, therefore, Regulation 2.65(a) did not apply to petitioner, so the actions by the U.S. Parole Commission on 7-15-91 to continue petitioner to expiration on his federal sentence ONLY was in effect, paroling petitioner from his 6 year federal sentence to his 7 year D.C. sentence. See Shields v. Beto, 370 F.2d 1003

9. According to Regulation 2.65(a), if petitioner had had a 13 year aggregate sentence, his correct parole eligibility date would have been 11-1-93 which is the ⅓ parole eligibility date for 13 years, not 7-15-91, which is the ⅓ parole eligibility date for the concurrent 6 year and 7 year sentences, or just the 6 year federal sentence, but not a 13 year aggregate sentence. (copy enclosed)

10. Addressing Regulation 2.65(c), paragraph 2, which states: "The Commission shall deem the "federal time" to have commenced with the prisoner's initial

Sentence, including jail-time."

This Regulation made petitioner's 6 year federal sentence commence on 12-19-59 which is the same date that petitioner's 7 year D.C. sentence had commenced, plus awarding jail-time credit, thus, these sentences were run concurrent again by the actions (the first time these sentences were run concurrent, was by BOP PS# 5160.03) of the U.S. Parole Commission. Furthermore, the U.S. Parole Commission put petitioner's 6 year federal sentence before his 7 year D.C. sentence, and petitioner had already begun service of the 7 year D.C. sentence eleven months before the 6 year federal sentence had even been computed, but in petitioner's "Notice of Action," the U.S. Parole Commission made it explicitly clear that the actions on 7-15-91 applied only to his federal sentence.

11. Finally, petitioner states that pursuant to the August 2004 Revision of the "Institutional GOOD Time Credits, General Provisions, the 28 D.C. Municipal Regulation, section 601.7, all of petitioner's "street time" is to be credited towards his sentence (See Exhibit A) regardless of revocation of parole, which states the following:

"601.7. Revocation of parole shall not result in a loss of credit, for time spent on parole toward service of the sentence on which parole was granted. (See 35 D.C.

Section 601, 7 (2-19-88).

Petitioner has provided the following undisputable dates to show that petitioner's sentence has expired:

a) From 12-19-89 until April 28, 2005 (April 28, 2005 is the date that petitioner is to be seen by the U.S. Parole Commission) is a total of 184 months, 9 days which is 15 years, 4 months and 9 days; 2 years, 4 months and 9 days over 13 years.

b) Since petitioner was continued to expiration of his federal sentence on 7-15-91, from 12-19-89 to 6-19-95, less 180 days, the 6 year federal sentence had expired.

c) Since petitioner's sentences were run concurrent with each other pursuant to both BOP Policy Statement # 5160.03 and U.S. Parole Commission Regulation 2.65(c), from 12-19-89 until 6-19-96, less 180 days, both the D.C. + federal sentences were completed entirely.

d) Since petitioner was paroled from the federal sentence to his D.C. sentence on 7-15-91, from 7-15-91 to 7-15-98, petitioner's 7 year D.C. sentence is completed entirely and no time remains to be served.

e) Assuming arguendo, even if the 49 months, and 8 days petitioner served (Petitioner states that from

U.S. Parole Commission placed a detainer on petitioner and prevented petitioner from making bail after the court had set bond; see front page of petitioner's Pre-Sentence Report) on the 57 month sentence are excluded, petitioner states that from 8-27-94 to 9-8-95 = 12 months, 11 days; from 10-6-99 to 4-28-2005 = 66 months, 23 days, which is a total of 79 months, 4 days, which satisfies the 7 year D.C. sentence.

12. 28 DCMR means 28 District of Columbia Municipal Regulation, which is the same as 28 CFR, Code of Federal Regulation, therefore, 28 DCMR is D.C. Law and is to be applied to D.C. prisoners.

In light of the aforementioned, petitioner requests "Termination of Parole Supervision" and to be immediately released from custody.

Respectfully Submitted,
Ainsworth C. Jackson
AINSWORTH C. JACKSON

U.S. Department of Justice                                    **Notice of Action on Appeal**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  Jackson, Ainsworth                    Institution:        Rivers       Correctional
Institution

---

Register Number:  19728-101                  Date:        August 29, 2005

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirm the previous decision.


**REASONS**:

Your first claim is that your sentence has expired.  You have raised this claim in several habeas corpus petitions and this claim has been denied.  See <u>Ainsworth Jackson</u> v. <u>Mendez</u>, Civ. No. 3: CV-98-1279 (M.D. Pa. order dated Mar. 26, 1999) and <u>Ainsworth Jackson</u> v. <u>U.S. Parole Commission</u>, Civ. Action No. AW-04-3081 (D.Md. order dated Mar. 29, 2005).  The Commission sees no reason to grant you relief by administrative action on the same claim.

Your second claim is that the Commission erred in finding that you violated the law and thereby violated the conditions of your release.  You assert that the Commission could only find that you committed law violations if you were "arrested, charged, indicted, or convicted" of the offenses listed in charges 3 and 4 of the warrant application.  The Commission denies your second claim because the Commission has the discretionary authority to revoke parole based on a finding of new criminal conduct, even though the conduct was not the subject of an arrest, charge, indictment or conviction.

In response to your claim that the Commission had insufficient evidence to support the findings on charges 5 and 6 (failure to report to your probation officer as directed and failure to report a change in residence), the findings are supported by the testimony of the probation officer at the hearing and a violation report dated March 1, 2005.

The Commission does not agree with your claim that the use of the reparole guidelines violates the constitutional ban against ex post facto laws.  Parole guidelines are not the type of laws covered by the Ex Post Facto Clause and their use does not increase the punishment that was in effect at the time of your crime.

The Commission properly denied you credit for all time spent on parole because D.C. law requires this sanction.  This issue was resolved against you in the case you brought in the District of Maryland.

Finally, a review of your criminal record as outlined in your 1996 presentence report shows that there is some evidence in the report supporting the Commission's findings that you have 12 convictions for fraud/forgery/larceny offenses and 6 prior commitments.

All decisions by the National Appeals Board on appeal are final.

EXHIBIT
28

Cc:

---

PR - 5 1999

FILED
SCRANTON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MAR 2 6 1999

PER _____
DEPUTY CLERK

AINSWORTH C. JACKSON,
    **Petitioner**

    v.

JAKE MENDEZ, Warden,
and U.S. PAROLE COMMISSION,
    **Respondents**

:
:
:
:
:
:
:
:
:

CIVIL NO. 3:CV-98-1279

(JUDGE MUNLEY)

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court for disposition are the objections filed by the petitioner to the report and recommendation of Magistrate Judge J. Andrew Smyser.  The petitioner is Ainsworth C. Jackson, and the respondents are Jake Mendez and the U.S. Parole Commission.  Magistrate Smyser recommends that Jackson's Petition for a Writ of Habeas Corpus be denied.  For the reasons that follow, we shall adopt the Report and Recommendation.[1]

**Standard of Review**

In disposing of objections to a magistrate's report and recommendation, the district court must make a *de novo* review of those portions of the report to which objections are made.  28 U.S.C. § 636(b)(1)(C); and Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or

---

[1]We have construed the petitioner's "Motion To Supplement Objections to Magistrate Judge's Report and Recommendation" [doc. 13] as a reply brief.

recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions. Id. In the instant action, the petitioner has filed objections to the magistrate's report, thus a *de novo* review is appropriate.

## Factual Background

The present case involves the question of whether a federal prison sentence and District of Columbia prison sentences imposed upon the petitioner were meant to run consecutively or concurrently. The facts are as follows: The petitioner was sentenced to a six-year term of imprisonment for bank fraud in the United States District Court for the Western District of North Carolina on April 11, 1989. On April 14, 1989, the District of Columbia Superior Court imposed a term of four months to one year for a violation of the Bail Reform Act, and on April 18, 1989 to petitioner received a term of two to six years for uttering and for forgery[2]. The federal and D.C. sentences were combined into a single aggregate sentence of four years, four months to thirteen years.

A parole date of August 27, 1994 was set for the petitioner. Jackson had 3,024 days remaining to be served on his thirteen-year sentence when he was paroled and he was to remain under parole supervision until December 7, 2002.

The petitioner was arrested on August 16, 1995 for Interstate Transportation of Securities Taken by Fraud, 18 U.S.C. § 2314. Accordingly, on September 8, 1995, the Parole Commission issued a parole violation warrant. The United States Marshall Service

---

[2]The record reveals that this sentence was originally imposed on April 14, 1989, but due to an error was redone on the eighteenth of April.

placed the warrant as a detainer against the petitioner pursuant to instructions of the Parole

Commission. Jackson was subsequently convicted on the new charges. He was sentenced in

the United States District Court for the District of Columbia on April 30, 1996, to a fifty-

seven-month term of imprisonment for the interstate transportation of securities taken by

fraud charge. The projected date of sentence completion is October 6, 1999.

In late 1996, the Parole Commission acted to permit its detainer to stand. The

Commission will act on its detainer when Jackson's current fifty-seven month sentence is

completed.

The petitioner's habeas corpus petition can be broken down into two general areas: 1)

whether the calculation of his sentence was improper in that the state sentence was meant to

run concurrent with the federal sentence; and 2) whether the respondents violated the

petitioner's constitutional rights by lodging the parole detainer against him. We find no

merit to either of the petitioner's issues, nonetheless, we shall address them both.

**Discussion**

Concurrent or consecutive sentences

The petitioner's initial contention is that the U.S. Parole Commission was without

jurisdiction to issue a parole violation warrant in September 1995 for violating his D.C.

Parole Term because the sentence had already expired in its entirety.  According to the

petitioner, the D.C. sentence was to run concurrently with the federal sentence, and thus

would have expired in December 1993 almost two years before the parole violation warrant

was issued. However, a review of the record  reveals that the sentences were to be

3

consecutive.

Magistrate Smyser found the record to be unclear as to whether the D.C. sentence was to run concurrently. He thus applied the presumption under 18 U.S.C. §3584, that unless provided otherwise, multiple terms of imprisonment imposed at different times are to run consecutively. The petitioner objects to the application of 18 U.S.C. § 3584 contending that District of Columbia law applies as opposed to the federal. Petitioner alleges that a D.C. statute provides the presumption that sentences are concurrent unless it provided otherwise. The D.C. statute reads as follows:

> A sentence imposed on a person for conviction of an offense shall, unless the court imposing such sentence expressly provides otherwise, run consecutively to any other sentence imposed on such person for conviction of an offense, whether or not the offense (1) arises out of another transaction, or (2) arises out of the same transaction and requires proof of a fact which the other does not.

D.C. Code 1981 23-112.

Both the federal statute and the District of Columbia statute evince a preference for consecutive sentences unless the sentencing court explicitly orders otherwise. In the present case, a concurrent sentence was not ordered. In fact, the record reveals the contrary.

The defendants have submitted as exhibits the Judgment and Commitment Orders issued by Judge Arthur L. Burnett, Sr. of the Superior Court of the District of Columbia who sentenced the petitioner. The orders indicate that the petitioner was sentenced to the following: One year consecutive for violation of the Bail Reform Act; one to three years for "uttering", one to three years consecutive for forgery and one to three years concurrent for

4

"uttering".  See Attachments 2, 3 & 4 to Defendant's Brief in Reply to Petitioner's

Objections.  The D.C. Judgment and Commitment Orders state several times that the

sentences are to run consecutive.

Petitioner points us to his Exhibit E to establish that the D.C. judge did intend

concurrent sentences.  The context of the Exhibit clearly establishes however that only the

sentence for the second count of "uttering" was to be concurrent with the other sentences.

Adding the terms of imprisonment together reveals that this concurrent sentence has already

been provided for by the entities computing his sentence, and no error has been made.

In further support of his contention, Petitioner cites <u>United States v. Warren</u>, 610

F.2d 680 (9th Cir. 1980) and <u>Chambers v. Holland</u>, 920 F.Supp. 618 (M.D. Pa. 1996).  These

two cases are inapplicable to the present situation as both deal with the issue of crediting a

prisoner's federal sentence with time spent in state custody not whether the petitioner was

sentenced to concurrent or consecutive terms of imprisonment.

The petitioner also claims that because he was designated by the Bureau of Prisons to

serve his federal sentence in a D.C. prison, the presumption should be that the sentences were

to run concurrently.  We disagree.

To support his position the petitioner cites the Bureau of Prisons Policy Statement

5160.03(7)(e) which provides as follows:

> <u>State Request</u> Another area in which a concurrent
> designation may be considered is when the state jurisdiction that
> has custody of the inmate orders or requests (e.g. , by state court
> order or department of corrections referral) that the state sentence
> run concurrently with a Federal sentence.

5

Upon receiving a request from a state jurisdiction in a regional office that the state and Federal sentences be served concurrently, a return communication shall be sent that if the Bureau agrees that the sentences should be served concurrently, the Bureau shall not, under ordinary circumstances (such as overcrowding in a state institution), accept transfer of the inmate into Federal custody for concurrent service. Therefore, this communication shall also explain that if the state jurisdiction wishes to pursue the request, before a final decision is made, a packet of information must be sent to Correctional Programs staff in the regional office to include:

(1) The reason for the request, if not previously indicated.

(2) A copy of the state Judgement and Commitment order.

(3) A state sentence data record that shows the parole eligibility date and the earliest release date if not paroled.

(4) A copy of the state presentence investigation report.

(5) State classification studies/reports (including psychological and psychiatric reports) and any other reports pertaining to the inmate.

(6) FBI record, NCIC record, state identification record, or other law enforcement records.

If, after a careful review of this information, correctional Programs staff determine that concurrent service of the sentences would be consistent with the goals of the federal criminal justice system, the RISA shall correspond with the sentencing Federal court to ascertain whether it has any objections to the Federal and State sentences running concurrently. If the court has no objections the state institution may be designated as the place to serve the Federal sentence concurrently with the state sentence according to the procedures detailed in this Program Statement.

The petitioner asks us to assume from this standard and the fact that he served time at the Central Facility in Lorton, Virginia, that the state intended his sentence to run concurrently with his federal sentence. This we cannot do. The above quoted policy statement sets forth the procedure that is to be followed and may lead to state prison

6

confinement for concurrently serving a federal sentence.  There is no indication that this

"policy statement" is a mandatory rule such that we could assume concurrent sentences were

intended merely because the petitioner was housed at a state prison.  Our conclusion is

especially apt in light of the absence of the various writings required by the standard, in

particular the written request by the state jurisdiction for concurrent service.

Petitioner also cites law to the effect that the federal statute does not authorize district

courts to order a federal sentence to be served consecutively to a state sentence which has not

yet been imposed.  However, once again this is not the present situation.  In the instant case,

the petitioner was sentenced second by the state court and it was the state court which

ordered consecutive sentences.

Based upon the above analysis, we find that the state sentence was to run consecutive

to, not concurrently with, the previously imposed federal sentence.  The petitioner's sentence

did not expire in December 1993, and his parole was properly calculated to expire on

December 7, 2002.  The U.S. Parole Commission did have jurisdiction to lodge a parole

detainer against him in September of 1995.

Detainer

The petitioner next alleges that the detainer against him is improper because the parole

violator warrant lodged against him has been executed and thus cannot be utilized as a

detainer.  The petitioner seeks to have a prompt revocation-of-parole-hearing so that he will

be able to serve any sentence concurrently with his new criminal convictions. Petitioner cites

Thompson v. Crabtree, 82 F.3d 312 (9th Cir. 1992) for the proposition that once a warrant has

7

been executed the petitioner is entitled to a prompt revocation hearing.  If the warrant is not executed it can serve as a detainer until the petitioner is out of jail.  We find that the petitioner has not established that the warrant was executed, and therefore, the absence of a hearing thus far is not in violation of any rights. Petitioner merely states that the Warrant Application provides that a preliminary interview is required.  Without citing any authority, the petitioner alleges that the warrant was executed because it calls for a hearing.  On the contrary, we find that the fact that the required interview has not been scheduled in over three years is evidence that the warrant has not been executed.  Thus, we must find in the absence of proof to the contrary, that the warrant has not been executed and is a proper detainer against the petitioner.

Petitioner supports his position by relying on Thomspon supra, but his reliance is misplaced.  In Thompson supra, the Ninth Circuit Court of Appeals found that a warrant had been executed where the petitioner had "surrendered to federal custody on the basis of the warrant and was detained in custody for at least three days on the basis of that warrant alone. No charges other than that of parole violation were pending against him at that time.  He was not arraigned on the subsequent bank robbery charges until eight days after his initial detention.  Moreover, both the Commission's 'Preliminary Interview and Revocation hearing form' signed by [the petitioner] the day after his surrender, and the parole officer's report of [the petitioner's] preliminary interview on the same day indicated [he] was held in custody under the commission's warrant." Thomspon, supra at 314-15.  The petitioner has not alleged the same quantity of facts present in Thompson to indicate the execution of the

8

warrant. Therefore, his petition must be denied.

Conclusion

     In conclusion, we find that the petitioner's D.C. sentence was properly calculated to run consecutive to the previously imposed federal sentence, and his parole was to end in December of 2002. The U.S. Parole Commission had jurisdiction to file a parole violator warrant which has not been executed and is properly lodged against the petitioner as a detainer. Accordingly, the petition for a writ of habeas corpus must be denied.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AINSWORTH C. JACKSON,                 :
       Petitioner                 :
                    :     CIVIL NO. 3:CV-98-1279

     v.                 :

JAKE MENDEZ, Warden,                 :     (JUDGE MUNLEY)
and U.S. PAROLE COMMISSION,           :
       Respondents                 :

**FILED**
**SCRANTON**

**MAR 2 6 1999**

PER _____
DEPUTY CLERK

## ORDER

**AND NOW,** to wit, this 26 day of March 1999, it is hereby ORDERED that:

1. Petitioner's Objections [12-1] to the magistrate's report and recommendation are OVERRULED;

2. Magistrate Smyser's report and recommendation[11-1] is ADOPTED;

3. The petition for a writ of habeas corpus is DISMISSED;

4. An appeal of this Memorandum and Order would be frivolous, lacking in probable cause and not taken in good faith, no basis exists for the issuance of a certificate of appealability.

5. The Clerk of Court is directed to close this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

——— FILED ——— ENTERED
——— LODGED ——— RECEIVED

MAR 2 9 2005

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY                                    DEPUTY

AINSWORTH C. JACKSON            :

Petitioner                      :

     v.                          :    CIVIL ACTION NO. AW-04-3081

UNITED STATES PAROLE COMM'N     :

Respondent                      :

                                :

..oOo..

## MEMORANDUM

Pending is Petitioner Ainsworth C. Jackson's pro se 28 U.S.C. §2241 Petition for Writ of Habeas Corpus challenging the calculation of his parole.[1]    Respondent is the U.S. Parole Commission (Commission). Also before the Court are: Respondent's Opposition and supporting exhibits; Petitioner's Response to the Opposition and Memorandum of Law in Support; Petitioner's Amendment to Original Response; Respondent's Reply to Petitioner's Amendment to Original Response; Petitioner's Reply to Respondent's Reply to Petitioner's Amendment to Original Response; Petitioner's Response to Respondent's §2.65 Defense; and Respondent's Reply to Petitioner's Amendment to Original Response.[2] Papers Nos. 7-13.

---

[1]Petitioner has also filed a Motion for Judgment on the Pleadings (Paper No. 5) to which Respondent has filed a Response in Opposition (Paper No. 7). The Motion for Judgment on the Pleadings will be denied by separate Order.
Additionally, Petitioner has requested a copy of "the complete filings" in this matter. Paper No. 14. The Court will construe this request as a Motion for Copy Work at government expense. Petitioner, who paid the habeas petition filing fee in this matter, neither contends he is indigent nor specifies with particularity the portions of the materials requested. See United States. v. Shoaf, 341 F.2d 832, 833-834 (4th Cir. 1964); Bozeman v. U.S., 354 F. Supp. 1262 (E.D. Va. 1973). Accordingly, the motion will be denied.

[2]Respondent filed two pleadings captioned "Respondent's Reply to Petitioner's Amendment to Original Response." Papers 10 and 13. The text of Paper 13 replies to Petitioner's pleading titled "Response to Respondent's §2.65 Defense." (Paper No. 12) For this reason, the Court assumes the

Upon review of the pleadings, exhibits, and applicable law, the Court concludes that no

hearing is needed. See Local Rule 105.6. For the reasons that follow, the Petition will be denied and

dismissed.

## I. Factual Background

Petitioner is under the parole supervision of the District of Maryland until January 16, 2008

on an aggregated U.S. Code and D.C. Code thirteen-year prison sentence. Papers Nos. 1 and 7,

Exhibit S; see generally Exhibits A-Y.  Petitioner received his U.S. Code sentence of 6 years for

bank fraud in the U.S. District Court for the Western District of North Carolina. Paper No. 7, Exhibit

A at 5.  Petitioner received his D.C. Code sentence of one year and six years consecutive under the

Bail Reform Act and for forgery and uttering convictions. Paper No. 7, Exhibit A at 8-9, Paper No.

7, Exhibit O at 4.

On January 12, 1994, the Commission continued Petitioner to the expiration of the federal

portion of his D.C. and U.S. Code Sentence.[3] On August 3, 1994, the Commission considered his

suitability for parole under the D.C. parole guidelines and ordered his release from parole

supervision on the aggregated U.S. and D.C. Code Sentence. Paper No. 7, Exhibit D. On August

26, 1994, Petitioner was released into the community with a sentence expiration date of December

7, 2002. Paper No. 7, Exhibit E.

On August 28, 1995,  the Commission was notified that Petitioner had been arrested for

credit card fraud in Virginia and the District of Columbia. Paper No. 7, Exhibit F.  The Commission

issued a violater warrant for Petitioner's arrest, and the warrant was placed against him as a detainer

---

title placed on Pleading 13 is an error.

[3]The Commission first applies the U.S. parole guidelines to determine the amount of "federal
time" to be served, then applies the guidelines of the former D.C. Board of Parole to determine
whether the prisoner will be paroled. See 28 C.F.R. §2.65.

in the District of Columbia. Paper No. 7, Exhibit G. The Commission was subsequently notified of Petitioner's 1996 conviction and fifty-seven month sentence in the U.S. District Court for the District of Columbia for securities fraud offenses. Paper No. 7, Exhibit H. The Commission supplemented the earlier issued warrant to include the securities fraud conviction. Paper No. 7, Exhibit I.

On July 12, 1996, the Commission notified Petitioner of its intent to conduct a dispositional review of the violater warrant and informed him of his right to submit information. Paper No. 7, Exhibit J. Petitioner submitted to the Commission the following statement: "I deny the charges that I am being charged with for parole violation (i.e. Bank Fraud, and Assault on a police officer."). Paper No. 7, Exhibit K. The review was conducted on December 23, 1996. On December 6, 1996, the Commission ordered maintaining the warrant as a detainer against Petitioner. Paper No. 7, Exhibits L and M.

Petitioner completed his intervening fifty-seven month federal sentence on October 6, 1999, and the violater warrant was executed that same day. Paper No. 7, Exhibit A at 4, Exhibit I at 3. On December 1, 1999, Petitioner appeared for his revocation hearing. At the conclusion, the hearing examiner recommended: revoking Petitioner's parole; allowing no credit for parole time served; and reparoling him on December 16, 2003. Paper No. 7, Exhibit O at 5. The hearing examiner considered this release date to reflect a total combined period of imprisonment of 100 months, counting both time served on the new fifty-seven month sentence, and time served to date on the balance of the original U.S. and D.C. Code sentence. See id. Adopting the examiner's recommendations, the Commission revoked parole, ordered forfeiture of time spent on parole, and continued Petitioner to a presumptive parole on December 16, 2003, after the combined service of 100 months. Paper No. 7, Exhibit P.

3

Petitioner noted an administrative appeal to the Commission's National Appeals Board. The National Appeals Board granted a new parole date of August 16, 2002, after the service of 84 months. Paper No. 7, Exhibit Q.

In 2001, the Commission converted Petitioner's presumptive parole date to a parole effective date. Paper No. 7, Exhibit R. Petitioner was released into the community under parole supervision on August 16, 2003, with a sentence expiration date of January 16, 2008. Paper No. 7, Exhibit S. On December 23, 2004, the United States Parole Commission issued an arrest warrant for Petitioner for: 1) opening checking accounts without prior permission of the U.S. Parole Officer and the U.S. Parole Commission; 2) failing to submit truthful and accurate monthly supervision reports; and 3) committing bank fraud.[4] Paper No. 7, Exhibits X and Y.

## II. Petitioner's Claims

Petitioner contends that his sentence expired on November 27, 2003, and he is entitled to have the entire 84 months of combined imprisonment which he completed on August 16, 2002 credited to his sentence. Paper No. 1 at 8, ¶ IV. This assumes credit not only for time spent as a prisoner and as a parolee since the execution of the warrant on October 6, 1999, but for time spent in prison serving the fifty-seven month sentence. See id. To bolster his position, Petitioner argues the Commission indicated that parole would come after a total combined sentence of 84 months. Paper No. 1 at 8, ¶ IV, and Paper No. 7, Exhibit Q. Additionally, he contends his thirteen-year sentence was "de-aggregated" on July 15, 1991, when the Parole Commission continued him to expiration on his six-year U.S. Code sentence. This, he reasons, caused his consecutive U.S. Code

---

[4]In addition, it appears that during the period of his release, Petitioner represented himself as an attorney in the Superior Court of the District of Columbia where he filed a petition for writ of coram nobis on behalf of another individual who was a convicted felon. Paper No. 7, Exhibit U.

4

and D.C. Code sentences to run concurrently.[5] Paper Nos. 8, and 9 at 2.

### III. Discussion

Petitioner's new expiration date, January 16, 2008, reflects that fact that under D.C. Code §24-406 (a) and 18 U.S.C. § 4210(b)(2)(1976), Petitioner forfeited time spent on the aggregated U.S. and D.C. parole from his August 26, 1994 release up to October, 6, 1999 when he was returned to the custody of the Commission. Paper No. 7, Exhibit O. When the Commission violate warrant was executed on October 6, 1999, Petitioner commenced service of the balance of his aggregate thirteen-year sentence of 8 years, 3 months, and 11 days, the amount if time that remained to be served when Petitioner was paroled on August 26, 1994.[6]

Petitioner's claim that the Commission "de-aggregated" his sentences is without merit. Petitioner is serving a parole violator term that is the remaining balance on his original, aggregated sentence. Criminal offenses committed in violation of the United States Code and the District of Columbia Code are federal offenses against the same sovereign, and it is therefore appropriate to aggregate consecutive sentences for the purposes of determining parole eligibility. Chatman-Bey v. Meese, 797 F.2d 987, 993 (D.C. Cir. 1986); Bryant v. Civiletti, 663 F.2d 286 289-90 (D.C.Cir.1981); Gill v. U.S. Parole Comm'n, 692 F. Supp. 623, 626 (E.D. Va. 1988). Based on the single aggregate sentence, the Commission determined Petitioner's suitability for parole by applying both D.C. Code parole criteria and U.S. Code parole criteria. See 28 C.F.R. §2.65; see also Cosgrove v. Thornburgh, 703 F. Supp. 995 (D.D.C. 1998) (observing the two statutory parole criteria

---

[5]Petitioner unsuccessfully presented this argument at his December 1999 parole hearing where it was determined that the U.S. District Court for the Western District of North Carolina had imposed its sentence consecutive to any other sentences. Paper No. 7, Exhibit O.

[6]Petitioner acknowledges the remaining balance was 8 years, 3 months, and 11 days. Paper No. 1 at 8, ¶ IV.

are different parole guideline systems).[7]  Contrary to Petitioner's assertions, it is clear that the

Commission may not "de-aggregate" sentences. 28 C.F.R. § 2.65 (a) provides :

> Such individuals are considered for parole on the basis of a single parole eligibility and
> mandatory release date on the aggregate sentence. Pursuant to §2.5 every decision made
> by the Commission, including the grant, denial, and revocation of parole, is made on the
> basis of the aggregate sentence.

In light of the regulatory framework described above, it is clear that Petitioner's claim lacks merit.

To the extent Petitioner argues that the Commission reparole regulations issued at 28 C.F.R.

§2.21 (c) (2004)[8] support to his claim, it is clear that this provision does not permit time served on

a previous sentence to serve as a as a sentence credit. The rules incorporated by reference in §2.21(c)

show that the Commission's policy is to run the balance of the offender's original sentence

consecutively, beginning with the execution of its warrant, to any new state or federal sentence

which the offender received while on parole. See 28 C.F.R. §2.47(e)(2); see also Staege v. U.S.

Parole Comm'n, 671 F.2d 266, 269 (8th Cir. 1982); D'Amato v. U.S. Parole Comm'n, 837 F.2d 72,

78 (2d Cir. 1988); Joiner v. Henman, 902 F.2d 1251, 1254 (7th Cir. 1990) (distinguishing between

crediting parole violater with time served on a new sentence for guideline purposes and crediting him

with time for sentence calculation purposes).

Petitioner's challenge to the forfeiture of time spent on parole is equally without merit.

Forfeiture of the D.C. Code portion of the aggregate thirteen-year sentence is automatic when parole

is revoked. See U.S. Parole Comm'n v. Noble, 693 A. 2d 1984 (D.C. 1997), opinion adopted en

---

[7]Petitioner's argument that the Commission's order continuing him to the expiration of his
"federal sentence" supports his claim is unpersuasive. The Commission clearly based its decision,
as it must, within the framework of an aggregate sentence.

[8]28 C.F.R. §2.21(c) provides:
Time served on a new state or federal sentence shall be counted as time in custody for
reparole guideline purposes. This does not affect the computation of the expiration date
of the violator term as provided by Sections 2.47(e) and 2.52(c) and (d).

6

*banc,*711 A. 2d 85 (D.C. 1997); <u>Davis v. More,</u> 782 A. 2d 204 (2001). Forfeiture of the U S. Code portion of Petitioner's aggregate sentence was required because he was convicted and sent nced on another offense. <u>See</u> 18 U.S.C. §4210(b)(2)(1976); <u>see also</u> <u>Garafola v. Wilkinson,</u> 721 F 2d 420 (3rd Cir. 1983); <u>Tijerina v. Thornburgh,</u> 884 F. 2d 861 (5th Cir. 1989).

The Court is mindful of Petitioner's pro se status and has endeavored to accord his p eadings liberal interpretation. <u>See</u> <u>Haines v. Kerner</u> 404 U.S. 519, 520 (1972). While the Court re ognizes calculation of parole time can appear complex and confusing, there is no basis to conc ude that Petitioner is improperly in custody. Instead, the time in custody about which Petitioner c mplains is the result of his own failure to adhere to the terms of his parole.

**IV. Conclusion**

For the above stated reasons, the Court concludes that Petition's claims are witho ut merit. Accordingly, the Petition will be denied and dismissed by separate Order.

3/28/05
Date

Alexander Williams, Jr.
United States District Judge

07/11/2005 12:25 FAX 4109629947    USAO CIVIL UNIT    @008

FILED _____ ENTERED
LODGED _____ RECEIVED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MAR 2 9 2005

AT _____
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

AINSWORTH C. JACKSON          :
Petitioner
        v.                    :    CIVIL ACTION NO. AW-04-3081

UNITED STATES PAROLE COMM'N   :
Respondent
                              :

..oOo..

## O R D E R

For the reasons stated in the foregoing Memorandum, IT IS hereby ORDERED this 28th

day of _____March_____, 2005, by the United States District Court for the District of

Maryland, that:

1.   Petitioner's Motion for Judgment on the Pleadings (Paper No. 5) IS DENIED;

2.   Petitioner's request for copies of documents, (Paper No. 14), IS CONSTRUED as a

     Motion for Copy Work and IS DENIED;

3.   The Petition for Writ of Habeas Corpus (Paper No.1) IS DENIED AND

     DISMISSED;

4.   The Clerk CLOSE this case; and

5.   The Clerk MAIL a copy of this ORDER and the foregoing MEMORANDUM to

     Petitioner and to Jennifer W. Burke, Assistant United States Attorney.

Alexander Williams, Jr.
United States District Judge

*Create list of file and file away*

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### SPECIAL PROCEEDINGS BRANCH

RECEIVED
SEP 28 2005

**AINSWORTH JACKSON**
**Petitioner,**

v.

**U.S. PAROLE COMMISSION,**
**Respondent.**

:
:
:
:
:
:
:
:

**Case No. SP-1340-05**

## ORDER

The Court has before it petitioner's Petition for Writ of Habeas Corpus filed May 16, 2005, the United States Attorney's Opposition thereto filed July 18, 2005, the petitioner's Motion for Judgment on the Pleadings filed August 16, 2005, and the decision of the United States Parole Commission's National Appeals Board issued August 29, 2005. Upon consideration of these documents, and the entire record herein, it is this _2?h_ day of September 2005,

**ORDERED** that petitioner's Petition for a Writ of Habeas Corpus is hereby **DENIED.**

See Davis v. Moore, 772 A.2d 204, 208-09 (D.C. 2001) (en banc); United States Parole Comm'n v. Noble, 693 A.2d 1084, 1086-87 (D.C. 1997), adopted en banc, 711 A.2d 85 (D.C. 1998).

Bruce S. Mencher, Senior Judge
(Signed in Chambers)

**Copies to:**

Ainsworth C. Jackson
Fed. Reg. # 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **AINSWORTH JACKSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **C.A. No. 07-203 (RWR)** |
| | ) |
| **BUREAU OF PRISONS, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |
| _____ | ) |

## <u>ORDER</u>

**UPON CONSIDERATION** of defendant's motion to dismiss, or in the alternative , for

summary judgment, plaintiff's opposition, and any reply, it is hereby **ORDERED** that the motion

is **GRANTED**, and that plaintiff's complaint is dismissed with prejudice.


_____
UNITED STATES DISTRICT JUDGE

Dated: _____, 2007