UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
AINSWORTH JACKSON,                  )
                                    )
        Plaintiff,                  )
                                    )
        v.                          )        Civil Action No.  07-203 (RWR)
                                    )
FEDERAL BUREAU OF PRISONS, et al.,  )
                                    )
        Defendants.                 )
_____)

MEMORANDUM OPINION

        Plaintiff, proceeding *pro se*, brought this action under the Privacy Act, 5 U.S.C. § 552a.

He alleges that the Bureau of Prisons ("BOP") and the United States Parole Commission ("the

Commission") have failed to maintain accurate records pertaining to plaintiff and refused to

amend the inaccurate files.  Defendants move to dismiss or, in the alternative, for summary

judgment.  Plaintiff has filed an opposition.  Because the court lacks subject matter jurisdiction

and because plaintiff has failed to state a viable claim under the Privacy Act, defendants' motion

will be granted.

BACKGROUND

        Plaintiff is an inmate at the Rivers Correctional Institution  in Winton, North Carolina

serving an aggregate 13-year term of imprisonment based on separate convictions under the

United States Code and the District of Columbia Code.  Defs.' Mot. Ex. 1.  On April 11, 1989, in

the United States District Court for the Western District of North Carolina, plaintiff was

sentenced to six years' imprisonment for bank fraud.  *Id.*   That same month, plaintiff was

sentenced to seven years' imprisonment by the Superior Court of the District of Columbia after

pleading guilty to violations of the Bail Reform Act, and to committing forgery and uttering

offenses.  *Id.*

The Commission held a parole hearing for plaintiff on July 15, 1991.  *Id.* Ex. 3.

Plaintiff's parole eligibility was determined by 28 C.F.R. § 2.65, the federal regulation which

outlines the paroling policy for prisoners serving aggregate United States and D.C. Code

sentences.  *Id.*  Under this regulation, the Commission first applies the parole guidelines for the

U.S. Code offense to determine the number of months to be served on the "federal time."  *Id.*

§ 2.65(c).  The Commission is then required to schedule a D.C. parole hearing not more than four

months prior to the expiration of the prisoner's "federal time."  *Id.* § 2.65(e).  At the D.C. parole

hearing, the Commission is required to apply the parole guidelines of the former D.C. Board of

Parole.  *Id.*

In a Notice of Action dated August 30, 1991, the Commission ordered that plaintiff

continue to expiration on the federal sentence (48 months) and be given an initial parole hearing

on the D.C. sentence in July 1993.  Defs.' Mot. Ex. 4.   Plaintiff appealed this determination.  *Id.*

Ex. 5.  The National Appeals Board affirmed the Notice of Action on December 13, 1991.  *Id.*

Ex. 6.

Following plaintiff's completion of the federal portion of his aggregate sentence, the

Commission applied the D.C. Board of Parole guidelines to the D.C. Code offense.  *Id.* Ex. 7.

Plaintiff was paroled on August 26, 1994 and ordered to remain under supervision until

December 7, 2002.  *Id.* Ex. 9.

On September 8, 1995, the Commission issued a parole violator warrant based on plaintiff's arrest for bank fraud and for assaulting police officers. *Id.* Ex. 10. On May 1, 1996, following a guilty plea, plaintiff was sentenced in the United States District Court for the District of Columbia to a term of 57 months imprisonment for the interstate transportation of securities taken by fraud. *Id.* Ex. 12. After this sentence was served, on October 6, 1999, the Commission arrested plaintiff on the violator warrant. *Id.* Ex. 14.

On January 21, 2000, based on plaintiff's new criminal conduct, the Commission revoked his parole and continued his case to a presumptive parole on December 16, 2003, after the service of 100 months. *Id.* Ex. 16. Plaintiff appealed this decision. *Id.* Ex. 15. The Commission affirmed the revocation decision on appeal, but modified plaintiff's presumptive parole date to August 16, 2002. *Id.* Ex. 19. Plaintiff was paroled on that date and ordered to remain under supervision until January 16, 2008. *Id.* Ex. 20.

On December 23, 2004, and March 18, 2005, the Commission issued violator warrants alleging that plaintiff committed two violations of law and failed to comply with the conditions of his parole. *Id.* Ex. 21& Ex. 25. On May 19, 2005, plaintiff's parole was revoked and he was ordered to remain in custody until the expiration of his sentence. *Id.* Ex. 26. That decision was affirmed by the National Appeals Board on August 29, 2005. *Id.* Ex. 28.

_____

## DISCUSSION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendants move to dismiss for lack of subject matter. Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or in an act of Congress. *Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 259

3

(D.D.C. 2005).  The plaintiff bears the burden of establishing that a federal district court has jurisdiction.  *Brady Campaign to Prevent Gun Violence United With Million Mom March v. Ashcroft*, 339 F. Supp. 2d 68, 72 (D.D.C. 2004).  In considering whether to dismiss a complaint for lack of subject matter jurisdiction, the court must accept all of the factual allegations in the complaint as true.  *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253-54 (D.C. Cir. 2005).

Defendants also move, in the alternative, for summary judgment.  Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56 (c).  Material facts are those that "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at  255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989).

Plaintiff claims that the BOP and the Commission have failed to maintain accurate records regarding his sentence and criminal history.  He alleges that the BOP erroneously computed the expiration date of his D.C. Code sentence and that the Commission's records contain false information about his prior convictions.  As a result of these inaccurate records, plaintiff asserts, he has remained in custody beyond the full term expiration date of his sentence.

He seeks a declaratory judgment that the records are inaccurate and were maintained that way willfully and intentionally, and an order directing defendants to correct the records and recompute his sentence.

I.      SUBJECT MATTER JURISDICTION

Defendants contend that plaintiff's claim cannot be pursued under the Privacy Act, but must be maintained in a habeas action.  Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody.  *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration").  When a successful Privacy Act claim would affect a prisoner's parole eligibility, habeas corpus is the prisoner's remedy for challenging inaccurate records.  *Bourke v. Hawk-Sawyer*, 269 F.3d 1072, 1074 (D.C. Cir. 2001); *Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 376 (D.C. Cir. 2000); *Forrester v. United States Parole Comm'n*, 310 F. Supp. 2d 162, 168-69 (D.D.C. 2004).  The Privacy Act is not the proper means by which a prisoner collaterally may attack his sentence.  *White v. United States Prob. Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam).

A ruling in plaintiff's favor on his Privacy Act claim would have a direct impact upon the duration of his confinement.  A challenge of this nature must brought in a petition for a writ of habeas corpus.  Jurisdiction in a habeas corpus action lies only in the district court for the district where the prisoner is incarcerated.  *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004).  The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction.  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004);  *Blair-Bey v. Quick*, 151 F.3d 1036, 1039

(D.C. Cir. 1998).  Plaintiff is not incarcerated in the District of Columbia.  Therefore, this district court does not have jurisdiction to consider plaintiff's Privacy Act claim.[1]  Even if this court had jurisdiction over plaintiff's claim, defendants would be entitled to summary judgment.

II.  SUMMARY JUDGMENT

The Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5).  The Privacy Act permits an individual to request an amendment to a record pertaining to him and requires the agency either to promptly correct the record or to explain its reasons for refusing to amend.  5 U.S.C. § 552a(d)(2).  An individual may bring a civil action if the agency declines to amend the record or fails to maintain accurate records and the plaintiff suffers an adverse determination as a result of the agency's decision.  5 U.S.C. § 552a(g)(1)(C).  A plaintiff can recover monetary damages if the agency's conduct was intentional or willful.  5 U.S.C. § 552a(g)(4).

An agency may promulgate regulations to exempt certain systems of records within the agency from the Privacy Act.  5 U.S.C. § 552a(j)(2).  BOP has exempted itself entirely from the access and amendment requirements of 5 U.S.C. §§ 552a(d) and the civil remedies of 5 U.S.C. § 552a(g) with respect to inmate records. 28 C.F.R. § 16.97(a)(4) ("[T]he Inmate Central Record

---

[1]     Plaintiff already has sought habeas corpus relief without success in several courts. *See Jackson v. Morris*, 8 Fed. Appx. 890 (10th Cir. 2001); *Jackson v. United States Parole Comm'n*, No. 04-03081, 2005 WL 5177980 (D. Md. Mar. 29, 2005), *aff'd* 201 Fed. Appx. 909 (4th Cir. 2006); *Jackson v. Mendez*, No. 98-1279 (M.D. Pa. Mar. 26, 1999); *see also* Defs. Mot. Ex. 28, Attachments.  The fact that he has made these attempts does not create jurisdiction over his complaint.

System" is "exempt from 5 U.S.C. [§] 552a(d)[.]").  *See Griffin v. Ashcroft*, No. 02-5399, 2003

WL 22097940, at *1 (D.C. Cir. Sept. 3, 2003) (noting that "[u]nder the BOP's Privacy Act

regulations[,] inmate records systems are exempt from the Act's amendment provision");

*Hidalgo v. Bureau of Prisons*, No. 01-5257, 2002 WL 1997999, at *1 (D.C. Cir. Aug. 29, 2002)

("Appellant failed to state a claim under the Privacy Act because the Bureau of Prisons inmate

records systems are exempt from the access and amendment provisions of the Privacy Act.").

Therefore, plaintiff does not have a valid Privacy Act claim against BOP.

The Parole Commission's decisionmaking files are also exempt from the Privacy Act's

amendment provisions.  *See* 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.85.  However, although the

Parole Commission is not obligated to comply with the amendment provisions of the Privacy

Act, it still is obligated to address the accuracy of records before considering such records in

making a determination affecting the prisoner.  *See Deters v. United States Parole Comm'n*, 85

F.3d 655, 658 n.2 (D.C. Cir. 1996); 5 U.S.C. § 552a(e)(5).  Plaintiff alleges that the

Commission's failure to maintain accurate records was willful and intentional.  Plaintiff claims

that the agency relied on false information that he had committed the offenses of fraud and

making a false statement, and that he had twelve prior convictions for a forgery, fraud or larceny

crime.  He also alleges that at his parole revocation hearings the Commission did not offer him

an opportunity to dispute these false records.

In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that

an agency failed to maintain accurate records, that it did so intentionally or willfully, and,

consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff."

*Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (quoting 5 U.S.C. §

552a(g)(1)(C)). Plaintiff has the burden of proving that the agency's actions in violating the Privacy Act were intentional or willful. *Albright v. United States*, 732 F.2d 181, 189 (D.C. Cir. 1984); 5 U.S.C. 552a(g)(4).  A willful or intentional act is "an act without grounds for believing it to be lawful, or [an act done] by flagrantly disregarding others' rights ... or a violation ... so patently egregious and unlawful that anyone undertaking the conduct should have known it unlawful." *Deters*, 85 F.3d at 660 (D.C. Cir. 1996).

The exhibits presented by the Commission indicate that its finding that plaintiff had violated his parole by committing two crimes – making a false statement and fraud – were based on documentation presented by a probation officer, the officer's testimony at plaintiff's revocation hearing, and admissions by plaintiff.  Defs.' Mot. Ex. 25.  The Commission's finding that plaintiff had twelve prior convictions involving fraud forgery or larceny were based on a 1996 presentence report.  *Id.* Ex. 28.

"As long as the information contained in an agency's files is capable of being verified, then ... the agency must take reasonable steps to maintain the accuracy of the information to assure fairness to the individual." *Sellers v. Fed. Bureau of Prisons*, 959 F.2d 307, 311 (D.C. Cir. 1992).  The agency, however, is not required to maintain perfect records.  *Balderrama v. United States Dep't of Homeland Security*, No. 04-1617, 2006 WL 889778, at *11 (D.D.C. Mar. 30, 2006).  Nor is the agency prohibited from relying on evidence of crimes of which a prisoner was not convicted.  *Griffin*, 2003 WL 22097940, at *1.  Moreover, the Commission has no affirmative obligation to investigate information set forth in a presentence investigation report. *Almahdi v. United States Parole Comm'n*, No. 04-1116, 2005 WL 913273, at *2 (D.D.C. Apr. 19, 2005); *Boyd v. United States Prob. Dep't*, No. 04-1114, 2005 WL 607879, at *3 (D.D.C.

Mar. 16, 2005); *Buxton v. United States Parole Comm'n*, 844 F. Supp. 643, 644 (D. Or. 1994).

Plaintiff has not made any showing that the facts contained in his presentence report were not accurate. Even if the information were inaccurate, plaintiff has not shown the Commission either had no grounds to believe maintaining the information was lawful or that it flagrantly disregarded his rights under the Privacy Act, *see Deters,* 85 F.3d at 660, or that its action was so "patently egregious" or "unlawful" that "anyone undertaking the conduct" would have known it was unlawful. *See Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

As long as the Commission complies with established procedures for conducting a parole hearing, it complies with the fairness standard set forth in 5 U.S.C. § 552a(e)(5). *Bayless v. United States Parole Comm'n*, No. 94-0686, 1996 WL 525325, at *6 (D.D.C. Sept. 11, 1996). The exhibits submitted by the Commission demonstrate that it has complied with federal law.

There are no genuine issues as to defendants' liability under the Privacy Act. If the court had jurisdiction over plaintiff's complaint, defendants would be entitled to summary judgment.

<u>CONCLUSION</u>

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, for summary judgment will be granted. A separate Order accompanies this Memorandum Opinion.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge


DATE: March 14, 2008


9