UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
MAR 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AINSWORTH JACKSON,             :
                               :
       Plaintiff,              :
                               :
                               :
       v.                      : Civil Action No. 07-203(RWR)
                               :
FEDERAL BUREAU OF PRISONS,     :
                               :
et. al. Defendants.            :
.............................:

## NOTICE OF APPEAL

**PLEASE TAKE NOTICE,** that plaintiff, Ainsworth Jackson hereby appeals the "Order" of U.S. District Court Judge Richard W. Roberts entered on March 14, 2008, dismissing plaintiff's "Privacy Act Complaint" and grounds asserts the following.

1. The District Court erred as a matter of law when it ruled that the Federal Bureau of Prison's Inmate Central Files were exempt from amendment of plaintiff's "Inmate Central File," where Federal Bureau of Prisons Policy Statement #5880.11, pages 19 & 20, ¶c allows for such amendments to an "Inmate's Central Files, and waives all exemptions.

2. The District Court erred as a matter of law when it ruled that the U.S. Parole Commission's files were exempt from amendment & correction pursuant to 5 U.S.C. § 552a(g)(1)(C).

3. The District Court erred as a matter of law when it ruled that the contested erroneous information in plaintiff's parole and prison file that was used by the U.S. Parole Commission to revoke plaintiff's parole could be verified where it never was.

4. The District Court erred as a matter of law when it ruled on page 8, ¶2, that the U.S. Parole Commission was authorized to charge, convict and sentence plaintiff with new criminal charges where the constitution forbids such acts, and where no local, state or federal court ever did, in violation of the U.S. Supreme Court's ruling in <u>Apprendi</u> v. <u>New Jersey</u>, and plaintiff's Sixth Amendment Rights to a trial by a jury.

5. The District Court erred as a matter of law when it ruled that the U.S. Parole Commission had not willfully or intentionally failed to maintain accurate records on plaintiff, and that the U.S. Parole Commission's acts were not willful, intentional and acts without grounds for believing them to be lawful.

6. The District Court erred as a matter of law when it ruled on page 8, ¶2, that plaintiff had violated his parole by committing two crimes--making a false statement and fraud, where there is no record of arrest, indictment or conviction for these two alleged crimes.

7. The District Court erred as a matter of law in granting defendant's "Motion For Summary Judgment" where the "General Counsel of the U.S. Parole Commission" made a false declaration

-2-

that was filed to support defendant's "Motion For Summary Judgment.

Respectfully Submitted,

*Ainsworth Jackson* (signature)
Ainsworth Jackson
Reg. No. 19728-101
Rivers CI
P.O. Box 630
Winton, NC 27986

DATE March 24, 2008

-3-